| 37 | 361 |
| 34a | 110 |

THORNTON T. EASLEY, Plaintiff in Error, *v.* DAVID PREWITT *et als.*, Defendants in Error.

*Petition—Relief—Demurrer.*—A petition is not subject to demurrer, because it asks for a judgment not warranted by the averments. The court may grant any relief consistent with the case made by the evidence and embraced within the issues.

*Error to Linn Circuit Court.*

The petition set forth a contract made with plaintiff by

defendants for the building of a church, alleged the performance of the contract, the acceptance of the work, and the amount due thereon; and then alleged, that more than three months before the commencement of this action, he gave the said defendants notice in writing that he would proceed to enforce his lien, by the sale of said church property, as is provided in said contract heretofore mentioned, for the purpose of paying the balance due and owing him for the building of said church. Wherefore plaintiff asks judgment against the said defendants, trustees of said church, for the sum of nine hundred and twenty dollars, and the interest due thereon, and an order for the sale of said lots, and the said building thereon, for the purpose of satisfying said judgment, and for other proper relief. A demurrer to the petition was sustained.

*Geo. W. Easley*, for plaintiff in error.

I. There was no improper joinder of causes of action. All of the allegations of the petition were about the same subject of action, and all of the causes of action were against the defendants, in their character as trustees. (2 R. C. 1855, p. 1228, § 2.)

II. If the relief asked was not in accordance with the matters alleged in the petition, it was not a cause for demurrer. (Ashby v. Winston, 26 Mo. 210 ; Northcraft v. Martin, 28 Mo. 469; 2 R. C. 1855, p. 1280, § 12; How. N. Y. Code, 221, and cases there collected.) The contract, filed with the original petition, although asked to be made a part of the amended petition, could not be looked to for the purpose of determining the sufficiency of the amended petition. (Curry v. Lackey, 35 Mo. 389.)

III. There were sufficient facts stated in the petition to constitute a cause of action.

WAGNER, Judge, delivered the opinion of the court.

The demurrer in this case was improperly sustained. A petition is not demurrable because it asks a judgment not

warranted by the averments; nor is its character always determined by the relief it prays for. The court may grant any relief consistent with the case made and embraced within the issues. (R. C. 1855, p. 1280, § 12; Northcraft v. Martin, 28 Mo. 469.) The petition stated a good cause of action on the agreement; but if the plaintiff wishes to foreclose his lien on the building, he ought to amend his petition, and set out the condition and the breach.

. The judgment will be reversed and the cause remanded. Judge Holmes concurs; Judge Lovelace absent.