DUDLEY C. COMINGS, Plaintiff in Error, *v.* HANNIBAL & CENTRAL MISSOURI RAILROAD COMPANY, Defendant in Error.

1. *Railroads — Fences, when must be erected by railroad companies building a road — When liable for damages.* — The reasonable construction of the statute relative to fencing lands adjoining railroads (Wagn. Stat. 310, ¿ 43), is that it requires the corporations to have their fences built at least as soon as they commence running their roads; and, although, as a matter of law, it may not be that they are bound to erect fences before or while they are constructing their road through any particular landholder's premises, yet they must act with a prudent regard to the rights of others; and if lacking in this duty they are chargeable with negligence and must answer for the consequences. Thus they are bound while laying their road to use reasonable care to prevent the cattle of others from coming on the adjoining owner's fields and injuring him.

Comings v. Hannibal & Central Missouri R.R. Co.

2. *Railroads — Petition for damages — Allegation as to "road-bed" — Construction of statute —Demurrer — Double damages.*—In suit against a railroad company for damages to crops, caused by the failure of defendant to fence its line of road through plaintiff's premises, where it appeared from the petition that the company had constructed its "road-bed," but no allegation showed that the road was completed, *held*, that though the petition was not good as a pleading framed on the statute (Wagn. Stat. 310, § 43), it set forth a good cause of action at common law, and should be proceeded with. And as a common-law action it was not demurrable because it asked for a judgment for double damages. The character of a petition is not always determined by the relief it prays for. The court may grant any relief consistent with the case and embraced in the issues.

*Error to Hannibal Court of Common Pleas.*

*A. B. Wilson,* for plaintiff in error.

I. The court erred in sustaining defendant's demurrer. The petition is sufficient under section 43 of the act in relation to railroad companies (Wagn. Stat. 310, § 43; Cecil v. Pacific R.R., 47 Mo. 248.)

II. The petition is sufficient under the common law, if not under the statute, and the demurrer should have been overruled. (Hewitt v. Harvey, 46 Mo. 369.)

*Thos. H. Bacon,* for defendant in error.

I. The petition fails to aver that defendant's road existed, or that defendant has failed to erect or construct and maintain fences or cattle-guards on the sides of the road of defendant; but, on the contrary, invariably substitutes the expression "road-bed" for the statute language "road" and "railroad." No failure to comply with said statute is averred, and no cause of action thereunder is shown. (Gen. Stat. 1865, p. 342, § 43; Wagn. Stat. 311, § 43; Clark v. Vermont, etc., 28 Verm. 103; Holden v. Rutland, 30 Verm. 297, 306; 1 Chit. Pl. 371, note 4, 372; Great Western R.R. v. Hanks, 36 Ill. 281.) The aforesaid interpretation of the statute is supported by the passage in section 43, which dates the failure to erect fences from the "completion of the road," and not from beginning of construction. Moreover, there is no averment that defendant took possession of any land.

II. The petition not showing that plaintiff's inclosure was

33—VOL. XLVIII.

required by the statutes (Gen. Stat. 1865, p. 384, § 1 ; Wagn. Stat. 706, § 2 ; Moore v. White, 45 Mo. 206), or that the same was sufficient to keep out the animals, damage *feasant* (*id.*), or that plaintiff had used due care to exclude the animals — a fact necessary to be proved at common law (1 Hill. Torts, 126, and cases cited), and to be averred in code pleading (Wagn. Stat. 1012, § 3 ; Burdick v. Warrall, 4 Barb. 596) — and the petition, on the contrary, showing plaintiff's own negligence in leaving the inclosure open for two years, receiving the damage while he was in possession (Shearm. & Redf. Negl. 321, § 463, note 1 ; Waters v. Brown, 44 Mo. 302 ; Terry v. New York, etc., 22 Barb. 574), and no negligence of defendant or damage to plaintiff being averred, except that alleged to arise from defendant's failure to construct and maintain fences and cattle-guards along, etc., its "road-bed," a step which neither statute nor common law requires (Wagn. Stat. 311, § 43 ; Gorman v. Pacific R.R., 26 Mo. 441), the petition shows no cause of action either on the statute or at common law, in trespass on the case. (Gen. Stat. 1865, p. 379, § 2 ; Wagn. Stat. 1345, § 2.)

III. Grounds of demurrer are specified by saying that the petition does not state facts sufficient to constitute a cause of action. (Haire v. Baker, 5 N. Y. 357 ; Kent v. Snyder, 30 Cal. 666 ; Monette v. Cratt, 7 Minn. 234 ; Stanley v. Peeples, 13 Ind. 232.)

WAGNER, Judge, delivered the opinion of the court.

This case was determined in the court below by a demurrer which was sustained to the plaintiff's petition. It becomes, therefore, necessary to see whether the petition sets forth a cause of action. In substance, it recites that in June, 1869, plaintiff was the owner and in possession of a farm in Ralls county, at that time divided into fields suitable in size for cultivation, with crops of grass and grain growing thereon, and that the farm and fields were at that time inclosed with a substantial fence ; that at the time above mentioned the defendant, a railroad corporation organized under the laws of this State, by its duly authorized agents, officers and employees, unlawfully and with force and arms,

without the consent of plaintiff, entered into and upon the said inclosed and cultivated fields and farming lands, tore away the fences inclosing the same, and caused a road-bed for its railroad to be thrown up, cut and constructed through the same; that the defendant then left its road-bed without inclosing it with a good and substantial fence, and without constructing cattle-guards thereon where it passed through plaintiff's farm, as required by the statute; that by reason of such failure to erect suitable fences, etc., plaintiff's land was left unprotected and thrown open to the public, and all kinds of stock, cattle, etc., had access to the same, and trampled down his growing crops and damaged and destroyed them to the amount of $250. There was then a prayer for double damages under the statute.

The main reason insisted upon to support the judgment of the court below, is that the facts alleged in the petition do not bring it within the purview of the statute compelling railroads to erect fences, and giving double damages in case of failure; that the petition simply speaks of a road-bed, while the statute contemplates a completed road. The statute makes it the duty of the corporation to "erect good and substantial fences on the sides of the road where the same passes through, along or adjoining inclosed or cultivated fields or uninclosed prairie lands, of the height of at least five feet, with openings and gates or bars therein, and farm-crossings of the road, for the use of the proprietors or owners of the lands adjoining such railroads, and also to construct and maintain cattle-guards at all railroad crossings where fences are required as aforesaid, suitable and sufficient to prevent horses, cattle, mules and all other animals from getting on the railroad. Until such fences, openings and gates or bars, farm-crossings or cattle-guards, shall be duly made and maintained, such corporation shall be liable in double the amount for all damages which shall be done by its agents, engines or cars to horses, cattle, mules or other animals on said road, or by reason of any horses, cattle, mules or other animals escaping from or coming upon such lands, fields or inclosures, occasioned in either case by the failure to construct or maintain such fences or cattle-guards." (Wagn. Stat. 310, § 43.)

The statute does not definitely fix the period at which the fences and guards shall be erected. We think it is fair to presume that the first thing that the Legislature had in view was to avoid accidents which were so liable to happen by reason of stock getting on the track when the company were operating their road. This was the main and primary thing to be guarded against. It was then deemed prudent to go further for the protection of the landowner, and required adequate inclosures and cattle-guards to keep out animals from their fields when they had been thrown open for the purpose of running the road. We think the reasonable construction of the statute is that it requires corporations to have their fences built at least as soon as they commence running their roads. This is the construction given to a similar law by the court of a sister State. (Clark v. Verm. & C. R.R. Co., 28 Verm. 103.) This the policy of the law and reason alike require. Though we cannot say as matter of law that the defendants were bound to erect fences before or while they were constructing their road through any particular landholder's premises, yet we can say they must exercise their right with a prudent regard to the rights of others; and if lacking in this duty they are chargeable with negligence and must answer for its consequences.

While the petition is not good as a pleading framed on the statute, it nevertheless, in our opinion, sets forth a good cause of action at common law; and where such is the case the cause should be proceeded with. (Hewitt v. Harvey, 46 Mo. 368.)

It is always the duty of a person, while exercising his rights, to do as little harm to others as possible. And where a work is being prosecuted which necessarily interferes with the property rights of another, those carrying it on must be careful and prudent in protecting the interest of the owner. We cannot better express our views in regard to the matter than by adopting the language of the Supreme Court of Vermont: "The railroad company, after they have opened the fields of an adjoining landholder for work, and have begun constructing their road, are bound to use all reasonable and prudent means to restrain the cattle of the land-owner from straying from his land on to the railroad track,

and to prevent the irruption of other cattle into his lands from their line of road. These are duties clearly devolving upon the railroad company. The landholder adjoining the line upon which the railroad company are constructing their road is not bound to fence his lands along the line of the railroad. If the company do not fence along such line before they begin to build their road, they must at least, while building it, use all reasonable and prudent measures to enable the landholder to enjoy the use of his own lands in the ordinary modes of husbandry, and to prevent irruption of the cattle of others upon his premises." (Holden v. Rutland & Burlington R. R. Co., 30 Verm. 297.)

The defendants, while constructing their road, were bound to use reasonable care to prevent the cattle of others from coming on the plaintiff's fields and injuring him. If they did not do so they are undoubtedly liable. If we treat the petition as embracing merely a common-law cause of action, it was not demurrable because it asked for a judgment for double damages. A demurrer should not be sustained because the petition asks for a judgment not warranted by the averments. The character of a petition is not always determined by the relief it prays for. The court may grant any relief consistent with the case and embraced within the issues. (2 Wagn. Stat. 1054, § 12; Northcraft v. Martin, 28 Mo. 469; Easley v. Prewitt, 37 Mo. 361.)

The judgment must be reversed and the cause remanded. The other judges concur.