———o———

WM. G. BLAKE, Defendant in Error, vs. ANDERSON DOWNEY, Plaintiff in Error.

1. *Bills and notes—Sureties—Action—Merger—Jurisdiction.*—Where a surety on a promissory note has been compelled under a judgment rendered against him to pay the note, his right of action against the maker of the note is on contract as on an implied promise to repay the money, and not on the note itself; that is merged in the judgment. And where the note was for an amount within a justice's jurisdiction, but the judgment was for an amount exceeding his jurisdiction in actions founded on contract, the surety's action was without the jurisdiction of the justice.

2. *Practice, civil—Appeal—Justices' courts—Notice.*—Under the statute regulating appeals from Justices' courts, if the appellant fails to give notice as required, the court at the instance of the appellee is bound, of course, to continue the case.

*Error to Cedar County Circuit Court.*

Chandler and Butler, for Plaintiff in Error.

EWING, Judge, delivered the opinion of the Court.

This action was brought before a Justice of the Peace on an

account for money paid by plaintiff as defendant's surety on a note executed by them to one Dale. The account or statement alleges the recovery of a judgment against the plaintiff on the note for a balance due, and payment by him of such balance, being with costs ninety-three and 94-100 dollars. There was a judgment for defendant in the Justice's court, from which plaintiff took an appeal to the circuit court. Defendant Downey appeared for the purpose of moving to dismiss the cause for want of jurisdiction, and filed his motion for this purpose on the ground that the amount claimed was an excess of the jurisdiction of the justice; which being overruled he excepted. The cause was then called for trial, and defendant not consenting to go to trial because no notice of the appeal had been given, judgment was rendered against him by default.

A motion for a new trial assigning] as reasons therefor the want of jurisdiction, and the failure of the appellant to give notice of the appeal, the appeal not having been taken on the day the judgment was rendered, was overruled, exceptions saved, and the cause is brought here by writ of error.

Justices of the Peace and Circuit Courts have concurrent jurisdiction in all actions founded on contract, where the debt or balance due or damages claimed exclusive of interest shall exceed fifty dollars and not exceed ninety dollars, and in all actions on bonds and notes for the payment of any sum exceeding fifty dollars exclusive of interest and not exceeding one hundred and fifty dollars. (2 W. S., 808.) This was not a suit upon the note, for that had been merged in a judgment which had been satisfied by the plaintiff as he alleges; but the cause of action is for money paid as surety of the defendant—the defendant's liability arising from an implied promise to repay it. This action, therefore, comes within the first of the above named classes. I think it sufficiently appears from the statement of the cause of action filed by plaintiff before the justice, and from the note which is referred to in it, as being filed therewith, that the sum sued for, consists of interest to an extent that gave the justice jurisdiction. The appeal not hav-

ing been taken on the day the judgment of the justice was rendered, and no notice thereof having been given, the cause was not properly for trial.

If the appellant fail to give notice of his appeal, when such notice is required, the cause shall at the option of the appellee be tried at the first term, if·he shall enter his. appearance on or before the second day thereof, or at his instance shall be continued as a matter of course. (21 W. S., 850, § 22.) The Court had no discretion in the matter, but it ,was its duty to continue the cause.

The judgment of the Circuit Court is reversed, and the cause remanded. The other judges concur.