HAWLEY v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

**Appeal from Justice's Court, when Triable.** Where an appeal from a judgment of a justice of the peace was not taken on the day it was rendered, and no notice of appeal was given, and the appellee did not enter his appearance on or before the second day of the first term of the appellate court, it is error for such court to hear the case and render judgment at such first term.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB, Judge.

REVERSED.

*Smith & Krauthoff* with *T. J. Portis* for appellant.

No notice of the appeal having been given, and the appellee not having entered his appearance on or before the second day of the first term of the circurt court, (R. S., § 3056,) the case should have been continued as a matter of course. It could not be legally tried without defendant's consent, and the judgment must be reversed. *Blake v. Downey,* 51 Mo. 437; *Nay v. Railroad Co.,* 51 Mo. 575; *Chrismer v. Railroad Co.,* 54 Mo. 152; *Transier v. Railroad Co.,* 54 Mo. 189.

*S. B. Green* for respondent.

NORTON, J.—This suit was brought before a justice o. the peace, and judgment by default was rendered for plaintiff, and, after the refusal of the justice to set the same aside on motion of defendant made within ten days after the rendition of judgment, defendant appealed to the circuit court of Buchanan county. This appeal was returnable to the September term, 1880, of said court, which began on the first Monday of that month. As the appeal was not taken on the day the judgment was rendered, and as the record does not show that the defendant either gave notice of appeal, or that plaintiff entered his appearance on or

before the second day of the term, the circuit court erred in proceeding at said term to hear the case and render judgment, and in refusing to sustain the motion of defendant for new trial based on that ground. *Nay v. H. & St. J. R. R. Co.*, 51 Mo. 575; *Blake v. Downey*, 51 Mo. 437; *Transier v. Railroad Co.*, 54 Mo. 189, and *Blakely v. Mo. Pac. R'y Co.*, 79 Mo. 342.

Judgment reversed and cause remanded for the error above indicated. All concur.