JAMES KNEALE, Appellant, v. HENRY R. PRICE, Respondent.

21 82  295 377

Kansas City Court of Appeals, March 22, 1886.

ACTION—PLEADING—CAUSE OF ACTION.—Although a petition may not be good as a pleading framed on the statute, if it sets forth a good cause of action at common law, the cause should be proceeded with. It is, in such case, not demurrable because asking for damages given by statute. The character of the petition is not always determined by the relief it prays for. The court may grant any relief consistent with the case and embraced within the issues. Following *Comings v. Ry.*, 48 Mo. 512.

APPEAL from Holt Circuit Court, HON. HENRY S. KELLEY, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is an action upon a contract, brought by the plaintiff, to recover damages resulting to him by reason of stock trespassing on his lands, in consequence of the failure of the defendant to maintain and keep in repair a certain fence.

It is charged in the amended petition in this case that on or about the first day of April, 1879, the plaintiff and one Hezekiah Smith were the owners of certain adjoining lands described in the petition; that the plaintiff and said Smith, at the time aforesaid, erected a partition fence on the line of said lands, running north and south, dividing said lands east and west; that it was agreed by and between the parties that the plaintiff should own the north half and said Smith the south half of said fence; that said parties were by agreement, to maintain and keep in good order and repair their respective portions of said fence; that afterwards said Smith sold his said lands to the defendant and put him in the possession

thereof; that the defendant had since been and still was in the possession of said lands, and that at the time of the transfer of said land by Smith to defendant the defendant was notified of the arrangement existing between the plaintiff and Smith with reference to said fence, and the obligation of each to maintain and keep in repair his respective part thereof, and that the defendant accepted said agreement and acquiesced therein and assented thereto, and took charge and control of said fence.

The plaintiff then charges that in pursuance of said contract with Smith and the defendant he kept his part of said fence in good repair and performed all the conditions of said contract on his part, but that the defendant failed to keep and perform his duty and agreement, and refused to keep up and maintain his said portion of said fence, but suffered the same to get down and out of repair, and that in consequence thereof cattle and hogs entered upon plaintiff's lands, etc., by which he was damaged in the sum of one hundred dollars, for which he asked judgment, and also in the prayer of his petition prays that the damage be doubled, and that he have judgment for two hundred dollars, "as provided in section 5661, chapter 104, volume 2, of the Revised Statutes of 1879."

Upon the trial the defendant objected to any evidence going to the jury upon the ground that the petition did not state facts sufficient to constitute a cause of action, under the statute, in relation to division fences. The court sustained the objection and refused to allow the plaintiff to offer any evidence in support of his allegations. The plaintiff then took non-suit, with leave to move to set the same aside, and in due time filed his motion for that purpose, which was overruled, and he appealed to this court.

L. R. Knowles and T. H. Parrish, for the appellant.

I.   The court erred in not permitting plaintiff to introduce evidence to sustain the allegations of his petition.

The suit was not under the statutes governing division fences, but upon a contract for damages sustained by plaintiff in consequence of failure of defendant to perform it in keeping in repair a certain fence, etc. The petition states a cause of action upon a contract ; and the fact that plaintiff prayed for double damages cannot affect it. *Railroad v. Freeman*, 61 Mo. 80 ; *Hewitt v. Harvey*, 46 Mo. 368 ; *Comings v. Railroad*, 48 Mo. 512 ; *Easley v. Prewitt*, 37 Mo. 361 ; *Grau v. Railroad*, 54 Mo. 240 ; *Cowden v. Cairns*, 28 Mo. 469 ; *Snider v. Coleman*, 72 Mo. 568, and authorities cited.

No brief on file for the respondent.

ELLISON, J.—It appears to be conceded that the petition in this cause did not state a cause of action under section 5661, Revised Statutes. It was drawn with a view to a cause of action under that section as clearly appears from the prayer. Notwithstanding such was the intention of the pleader the objection, for the reason there was no cause of action stated, should have been overruled, if a valid common law action appears from the body of the petition, and we think it does so appear. " While the petition is not good as a pleading framed on the statute, it nevertheless, in our opinion, sets forth a good cause of action at common law ; and where such is the case the cause should be proceeded with. * * * If we treat the petition as embracing merely a common law cause of action, it was not demurrable because it asked for double damages. The character of the petition is not always determined by the relief it prays for. The court may grant any relief consistent with the case and embraced within the issues." *Comings v. Ry. Co.*, 48 Mo. 512.

The judgment will be reversed and the cause remanded. Philips, P. J., concurs ; Hall, J., absent.