CROSBY et al., Appellants, v. THE FARMERS' BANK OF ANDREW COUNTY et al.

*DIVISION ONE.*

1. **Practice:** DEMURRER : PRAYER FOR RELIEF. A demurrer will not lie to a petition upon the ground that it does not state a cause of action, notwithstanding the relief prayed for cannot be granted, where the facts alleged authorize the granting of any relief, since the court is not confined to the prayer in granting relief, but may look to the whole petition.

2. **Dower, Inchoate Right of.** The inchoate right of dower is a substantial and valuable right, and courts will, in proper cases, on the application of the wife, make all necessary orders for its protection.

3. ———: MORTGAGE SALE. A sheriff, in conducting a sale under a mortgage, should so proceed as to protect a wife's inchoate right of dower.

4. ——— : ———. Where the mortgagor sells an undivided half of a portion of the mortgaged premises to one party and subsequently sells the remainder to another, and the inchoate right of dower of the wife of the last purchaser is disregarded in the sale under the mortgage, the purchaser at the sale of all the land becomes the equitable owner of the mortgage debt, and the court, on the application of the wife, should only set aside the sale and order the property resold in parcels to satisfy the mortgage.

5. **Mortgage:** SALE BY MORTGAGOR : SALE UNDER THE MORTGAGE. Where the mortgagor sells portions of the mortgaged land at different times, that which he retains will in equity be held primarily liable for the whole debt, and if not sufficient the several parcels will be liable in the inverse order of such sales, beginning with the parcel last sold.

*Appeal from Andrew Circuit Court.*—HON. C. A. ANTHONY, Judge.

REVERSED AND REMANDED.

*P. Mercer* for appellants.

(1) The sale of the land in question in mass by the sheriff, when it was susceptible of division, and a party in interest requested him to divide it, and more than the amount of the mortgage debt and all costs was bid for one parcel, was illegal and fraudulent as to plaintiffs, and should have been set aside. *Tatum v. Holiday*, 59 Mo. 422; *State v. Young*, 61 Mo. 397; *Kelley v. Hurt*, 61 Mo. 463; *Bouldin v. Ewart*, 63 Mo. 330; *Rector v. Hartt*, 8 Mo. 488; R. S. 1879, secs. 2368, 7113. (2) Though Harriet Crosby's inchoate right of dower is not technically an estate in land, it is property having a substantial and ascertainable value. *Mandel v. McClave*, 22 N. E. Rep. (Ohio) 290. And a valuable right that is recognized and protected by law. *Sewall v. Lee*, 9 Mass. 363; *Barnett v. Gaines*, 8 Ala. 373; *Russ v. Perry*, 49 N. H. 527; *Shearer v. Ranger*, 22 Pick. 447; *Gazley v. Price*, 16 Johns. 266; Leading Cases in the American Law of Real Property, 300, 329; *Williams v. Courtney*, 77 Mo. 587; *Mfg. Co. v. Pratt*, 21 Mo. App. 171. (3) The widow may have dower in the surplus property on which is a mortgage superior in right to her dower. *Calver v. Harper*, 26 Ohio St. 464; *Mathews v. Dungee*, 45 Barb. 69.

*Booher & Williams* and *David Rea* for respondents.

(1) Mrs. Crosby has no estate or interest in the property in question, and hence cannot maintain this suit. *Jackson v. Edwards*, 7 Paige, 391; *Moore v.*

*York*, 4 Seld. 110 ; *Noel v. Ewing*, 9 Ind. 37 ; *Strong v. Clem*, 12 Ind. 37 ; *Logan v. Walton*, 12 Ind. 639. Inchoate right of dower is only an incident to the marriage relation, and depends upon the law at the husband's death. *Jourdan v. Haran*, 3 N. Y. S. 541. (2) If Isaac Crosby was dead, and plaintiff had dower in this property, she could only assert it by paying off the mortgage and redeeming. She must pay the debt, and until the debt is paid no dower right vests. This debt was for purchase money. 2 Scribner on Dower, p. 48 ; 1 Scribner on Dower, p. 475 ; *Watson v. Clendenin*, 6 Blackf. 477 ; *Gibson v. Crehore*, 5 Pick. 146 ; *Brown v. Tapham*, 3 Cush. 554 ; *Cass v. Martin*, 6 N. H. 25 ; *Davis v. Wetherell*, 13 Allen (Mass.) 60. (3) One who asks equity must do equity. Plaintiff cannot ask to set aside this sale without tendering the amount due and asking to redeem. She can't possibly have any greater rights than her husband, who owned the property. (4) The law of this state changing the rights of the husband to his wife's chose in action is not unconstitutional. If the husband had not reduced chose to possession before the law passed, he has no interest. His rights were only inchoate, not vested ; only an incident to the marital relation. *Hart v. Leete*, 104 Mo. 315. The principles announced in that case are controlling in this.

THOMAS, J.—This action was instituted in Andrew county, and plaintiffs' petition is as follows : "Plaintiffs state that they are husband and wife, legally married ; that defendant, the Farmers' Bank of Andrew County, is a corporation duly incorporated by the laws of the state of Missouri.

"That defendants, H. B. Watson, James H. Watson and J. M. Elrod, are partners doing business under the name and style of Watson & Elrod ; that defendant John W. Crank is, and has been for more than one year last past, sheriff of the county of Andrew aforesaid."

"That on the twenty-fifth day of November, 1872, one Benjamin F. Poston was the owner in fee simple of the following described real estate situated in the county of Andrew and state of Missouri, to-wit: Commencing at the northeast corner of the southeast quarter of section number 34, in township number 61, of range number 35, and running thence south on a true line eighty rods to a limestone, thence north eighty-five degrees west, fifteen and three-fourths rods to a point of beginning, from which run north eighty-five degrees west, seventy-four and one-fourth rods to the west bank of the One Hundred and Two river, thence up said river with the meanderings of the west bank thereof to a point fifteen and three-fourths rods west of the east line of said quarter section and directly north of the point of beginning, thence south to the place of beginning, containing twelve acres, more or less, and including what are known as the Rosendale Mills.

"That on the twenty-fifth day of November, 1872, the said Benjamin F. Poston borrowed of Andrew county the sum of $600 belonging to the common-school fund of said county, and executed to said county a mortgage on the real estate aforesaid to secure the payment of said sum of borrowed money.

"That on the twenty-second day of July, 1874, said Poston sold and conveyed by proper deed to one James Austin the undivided one-half of the following described tract of the aforesaid real estate, to-wit: Commencing at the northeast corner of the southeast quarter of section number 34, in township number 61, of range number 35, and running thence south on a true line eighty rods to a limestone, thence north eighty-five degrees west, fifty-six rods and twenty-two links to a point of beginning, from which run north eighty-five degrees west, forty-two rods to the west bank of the One Hundred and Two river, thence up said river with the meanderings of the west bank thereof to a point north of the point of beginning, thence south forty-two

rods and nine links to the point of beginning, containing three and one-half acres, more or less, and including said Rosendale Mills.

"That on the fifteenth day of October, 1876, said Poston sold and conveyed by warranty deed to plaintiff, Isaac Crosby, in consideration of $7,500, all of the twelve-acre tract of land first herein described, except the undivided one-half of three and one-half acres thereof sold to said James Austin, as aforesaid, and except a small piece seventy-five feet by one hundred feet out of the southwest corner thereof, sold to one Asa Cobb prior to 1876, all of said sales of said lands by said Benjamin F. Poston being made subject to the mortgage to Andrew county aforesaid.

"That plaintiff, Harriet Crosby, has and is entitled to a right of dower in said real estate purchased by her husband, as aforesaid, which she has not assigned, conveyed or released. That on the fifth day of July, 1887, the county court of said county of Andrew made an order that defendant, John W. Crank, sheriff of said county, proceed to levy on the real estate conveyed by the mortgage of Benjamin F. Poston to Andrew county as aforesaid, and advertise and sell the same according to law, to satisfy the aforesaid debt of said Poston to Andrew county for the use of the school fund thereof, said debt being then due and unpaid.

"That by virtue of said order said John W. Crank, as sheriff of Andrew county aforesaid, levied on said real estate and advertised the same to be sold at the courthouse door in the city of Savannah, in said county, on the eighth day of August, 1887, and during the sitting of the circuit court of said county of Andrew. That said defendant, John W. Crank, sheriff as aforesaid, failed and refused, on said eighth day of August, 1887, to sell the real estate aforesaid according to law, but, conspiring with said Farmers Bank of Andrew county to cheat and defraud plaintiff, Harriet Crosby, out of her interest in said real estate, made a pretended,

collusive and fraudulent sale thereof to said Farmers Bank of Andrew county for the pretended sum of $1,000.

"That said real estate is susceptible of division, said three and one-half-acre tract of land containing said Rosendale Mills, being used for milling purposes, is entirely separate in its situation, nature and use from the remainder of said twelve-acre tract of land, which lies adjoining to and is part of the town of Rosendale, and said tracts well may be and frequently have been sold and conveyed separately, all of which defendant Crank well knew. But that defendant, John W. Crank, sheriff as aforesaid, conspiring with the other defendants to cheat and defraud plaintiffs, failed and refused to divide said real estate or to offer the same for sale in separate tracts, though requested by plaintiffs to do so, but proceeded under the orders and directions of his co-conspirators aforesaid, and for their benefit, to offer the whole of said real estate for sale, and refused to notice any bid for one of said tracts, though he well knew that either of the same was well worth and would sell for more than the full amount of said mortgage and execution.

"That plaintiff, Harriet Crosby, after said real estate was offered for sale by said sheriff as aforesaid, and before any part thereof was stricken off or sold, bid for the aforesaid three and one-half-acre tract of land the sum of $750, the same being the highest and best bid for said tract at said sale, and exceeding the whole amount due on the aforesaid mortgage, with all interest and costs. That said sheriff refused to accept or notice said bid, but proceeded to sell all of the real estate aforesaid to the said Farmers Bank of Andrew County for a bid of $1,000.

"That the eight-acre tract of land that defendant Crank attempted to sell and convey to said Farmers Bank of Andrew County, in addition to the aforesaid three and one-half-acre tract, is of the value of $1,000. That prior

to the time the aforesaid real estate was purchased at said sale by the defendant, the Farmers Bank of Andrew County, said defendant had conveyed the same by deed of general warranty to defendants, H. B. Watson, James H. Watson and J. M. Elrod.

"Plaintiffs pray that the court by its order and decree divest defendants, the Farmers Bank of Andrew County, H. B. Watson, James H. Watson and J. M. Elrod of any title acquired to the real estate aforesaid by or through said sale by defendant, John W. Crank, as aforesaid, and to declare and decree said sale null and void, and plaintiff, Harriet Crosby, tenders into court the sum of $750, bid by her on the aforesaid three and one-half-acre tract of land, and asks that the court order and decree that the title thereof be vested in her in fee simple, and that said sheriff be ordered to execute and deliver a deed in the usual form conveying to said Harriet Crosby said three and one-half-acre tract of land by proper description by metes and bounds, in consideration of the said sum of $750, so bid at said sale as aforesaid, and for all other proper relief."

Defendants filed a demurrer to this petition upon the ground that it did not state a cause of action, which being sustained by the court, the plaintiffs appealed.

The petition in this case evidently does not disclose all the facts in connection with the title to this property, and plaintiffs pray for relief which the court cannot grant, but the court is not confined to the prayer in granting relief, but may look to the whole petition, and if the facts alleged authorize the granting of any relief a demurrer will not lie.

So far as the title to this property is disclosed by the petition, it seems that Poston owned the whole twelve acres and gave a mortgage on it to Andrew county in 1872, to secure the payment of $600. In 1874, Poston conveyed to Austin an undivided half of three acres and a half of the twelve-acre tract, describing the three and one-half-acre tract by metes and bounds. In

1876, Poston conveyed to Isaac Crosby the balance of the twelve-acre tract. In 1887, the sheriff under an order of the county court advertised the whole twelve-acre tract for sale. Harriet Crosby, wife of Isaac Crosby, went to the place of sale, and demanded that the sheriff put up for sale the three and a half-acre tract of land, offering to pay the whole amount due Andrew county on the mortgage for that tract alone. This the sheriff refused to do; but, "conspiring with the said Farmers Bank of Andrew County to cheat and defraud plaintiff, Harriet Crosby, out of her interest in said real estate, made a pretended, collusive and fraudulent sale thereof to said Farmers Bank for the pretended sum of $1,000." Plaintiffs then aver that the land was susceptible of division for sale without injury to the owners.

The only interest Mrs. Crosby had in this land is an inchoate right of dower, and, if that is such an interest as will authorize a court of equity to interfere on her application to protect it, then it is conceded the court erred in sustaining the demurrer to the petition.

We had occasion in *Blevins v. Smith,* 104 Mo. 583, to fully consider the nature and character of an inchoate right of dower, and while this division of the supreme court was divided in that case the disagreement was not on the ground that this right was not a valuable interest in the land, but on another and distinct ground, the majority of the judges holding that the wife was a necessary party to a tax proceeding to divest the right, the minority holding the proceeding being *in invitum* both as to husband and wife, the husband alone was the only necessary party, and, being a party, here presented not only his own interest, but that of his wife also. We all held t' it an inchoate right of dower is an incumbrance on land, and constitutes a technical breach of a covenant of general warranty.

Mr. Scribner defines this right as follows: "Although, therefore, an inchoate right of dower cannot be properly denominated an estate in lands, nor indeed

a vested interest therein, and notwithstanding the difficulty of defining with accuracy the precise legal qualities of the interest, it may, nevertheless, be fairly deduced from the authorities, that it is a substantial right, possessing in contemplation of law the attributes of property, and to be estimated and valued as such." 2 Scrib. on Dow. 8. This definition, we believe, accords fully with the modern conception of the inchoate right of dower. It is true this court in *Hinds v. Stevens*, 45 Mo. 209, said of this right, that, "if it be sold, we know not how it would be possible to so estimate the value of that shadowy right as to pay her, or invest for her any portion of the proceeds of the sale." But this position cannot be supported upon principle or authority. It is in antagonism to the adjudged cases elsewhere, and to the later decisions of this court. *Gore v. Townsend*, 8 Law. Rep. Ann. 443, and cases cited in note; *Mandel v. McClave*, 22 N. E. Rep. 290; *Williams v. Courtney*, 77 Mo. 587.

If this right be a substantial and valuable one, as Mr. Scribner and the above authorities hold it is, then the courts will, on application of the wife, make all necessary orders in proper cases for its protection. The sheriff ought, therefore, to have heeded Mrs. Crosby's appeal, and conducted the sale so as to have protected her interest. Defendants say she is seventy-five years old. That is immaterial. The older she is, the less valuable her right is, but that is no reason for the court's refusing to hear her. But the averments of the petition are that the sheriff conspired with defendant, the Farmers Bank, to cheat and defraud Mrs. Crosby out of her right in the land. If these averments be true, and for the purposes of this demurrer they must be taken to be true, the defendants thought her interest a substantial and valuable one, which they desired to cut off by the sale. If it was worthless, why conspire to defeat it? Our conclusion is, that the court erred in

sustaining the demurrer, and the case must be reversed and remanded for trial.

As the case must be tried on its merits, we will state that the court below, if the averments of the petition be found to be true, cannot vest the title of the three and a half-acre tract in Mrs. Crosby upon payment by her of the amount she offered for it at the sale. The defendants have become the equitable owners of the mortgage debt to Andrew county, and all the court can do is to set aside the sale and order the property sold in parcels to satisfy that mortgage. Nor can the undivided interest in the three and a half-acre tract conveyed by Poston to Austin be sold under such an order. Poston, the original mortgagor, having conveyed a part of the mortgaged premises to Austin prior to the sale of the remainder to Crosby, Austin's equities are superior to Crosby's or his wife's. "Where the mortgagor sells portions of the land at different times, that which he retains will in equity be held primarily liable for the whole debt; and if not sufficient the several parcels will be liable in the inverse order of such sales, beginning with the parcel last sold." *Brown v. Simons,* 4 Am. Law Reg. (N. S. N. H.) 508; Jones on Mort. [4 Ed.] sec. 1621.

Judgment reversed and cause remanded for trial in conformity to the views herein expressed. All concur.