C. D. HARPER, Respondent, v. G. S. KEMBLE, Appellant.

St. Louis Court of Appeals, March 10, 1896.

1. **Pleading: DEMURRER.** A petition is not demurrable when the facts stated in it entitle the plaintiff to relief, though not to the relief prayed for.

2. **Principal and Surety: SUBROGATION.** When a surety pays the amount of a judgment against his principal and himself and thereon receives an assignment of the judgment, he is in equity entitled to the same rights which the judgment creditor would have at law, and, therefore, to the enforcement of the judgment by execution and to a revival of the judgment lien on real estate of the debtor; but, even in equity, he can not procure a continuance of the judgment lien from the date of the rendition of the judgment, if that lien has expired by limitation of time before he has instituted a proceeding to keep it in force.

3. ———: ———. But *held*, by BOND, J., *dissenting*, that such surety is not entitled to any relief whatsoever in equity if, at the time of his application therefor, no lien would exist at law in case the judgment were unpaid, since, in such case, the law would afford him adequate relief to the extent of his rights either by a statutory proceeding on his part against his principal by motion, or by suit for the recovery of the amount paid by him.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

DECREE MODIFIED, BOND J., *dissenting.*

*Emil Rosenberger* for appellant.

*G. Pitman Smith* for respondent.

ROMBAUER, P. J.—A judgment was obtained by the Bank of Warren County on the seventeenth day of July, 1891, on a promissory note. The defendant was the principal in the note, and the plaintiff his surety. The bank assigned the judgment to one Rosenberger for value, and Rosenberger held it in secret trust for the defendant. The plaintiff tendered to Rosenberger the amount of the judgment, interest and costs, and requested him to assign it to plaintiff, which Rosenberger declined to do. The plaintiff thereupon filed his bill in equity to compel such assignment and obtained a decree in his favor, which we affirmed on appeal. *Harper v. Rosenberger*, 56 Mo. App. 388.

After such assignment the plaintiff caused an execution *at law*, in the name of the bank to his use, to be issued on the judgment, and the defendant moved to quash the same. The court refused to quash it, and the defendant appealed. We reversed the judgment and directed the court to quash the execution, since no execution *at law* could be issued upon a judgment, which by payment by either of the parties defendant thereto became extinct at law. *Bank of Warren County v. Kemble*, 61 Mo. App. 215.

The plaintiff thereupon instead of simply petitioning the court to issue its execution *in equity*, which he might have done with propriety, filed a long bill in equity for specific relief. In this bill, after setting out

in detail all the matters hereinabove stated, he further averred that the defendant was the owner of five hundred and sixty acres of land in Montgomery county, and that the judgment at the date of its rendition was a lien upon such land. The bill then prayed that the court should declare this judgment to be a continuing lien upon the land from the date of its rendition, and that it order such lien to be foreclosed by sale under the decree enforcing such judgment.

The defendant demurred to this bill on the ground that it stated no ground for equitable relief. This demurrer the court overruled. The defendant thereupon demanded a jury trial, which the court denied. The plaintiff gave evidence substantiating the facts hereinabove stated, and the court rendered a decree in his favor, declaring said judgment a lien upon defendant's land described in the petition and ordering the same to be sold for its satisfaction.

The defendant appeals and assigns for error the overruling of his demurrer to the bill, the refusal of the court to grant him a jury trial, and that the decree is unwarranted by equity.

The demurrer was properly overruled. While the plaintiff's bill asked for relief which the court could not grant, it was not demurrable provided the facts therein stated warranted *any equitable relief. Crosby v. Farmers Bank*, 107 Mo. 436. As above seen, the plaintiff was the owner of this judgment in equity, and he was entitled to enforce that security in any manner conformable to proceedings in equity in analogy with proceedings at law. Thus it was held in *Neal v. Nash*, 23 Ohio St. 483, that, where a surety is subrogated to the rights of the creditor against his principal in a judgment, he may, when it becomes dormant, revive and enforce it against his principal and the statute of limitations on ordinary debts does not apply. In *Furnold v.*

*Bank*, 44 Mo. 339, it is broadly asserted that under such circumstances the surety is considered to be subrogated to all the rights, *remedies and securities*, of the creditor, and entitled to enforce all his liens, priorities and *means of payment*, as against the principal.

It is true that, at the date of the institution of this suit, the lien of the judgment had expired, but as the judgment creditor could at that date have sued out an execution on the judgment, or could have revived its lien by proceedings at law, so the plaintiff, being invested in equity with all the rights of such creditor, could do so in equity, as equity follows the law. That he attempted by filing this bill to obtain a continuous lien from the date of the rendition of the judgment— a relief to which he was not entitled—does not deprive him of the relief to which he was entitled, and which the court could properly grant.

This being a proceeding strictly in equity, the defendant was not entitled to a jury trial, and hence the court did not err in denying it. The form of the decree, however, was unwarranted, whether the bill be treated as one for a revivor of the judgment lien or as one for an execution in equity. The court could not decree a lien on specific property, nor decree its sale unless such property was specially chargeable with the lien of this judgment owing to some antecedent dealings between the principal and surety, of which there is neither averment nor proof. The decree of the trial court will, therefore, be so modified as to decree a simple revival of this judgment in equity from the date of the decree, with an award of execution to enforce it. As thus modified the decree is affirmed and the cause remanded to the trial court, with directions to make the corresponding changes in the decree rendered. So ordered, respondent to pay the costs of this appeal. Judge BIGGS concurs. Judge BOND dissents.

BOND, J.—Under the facts in this record the plaintiff was not entitled to equitable relief. His petition, asking to be subrogated in equity to the lien of the judgment paid by him as the surety of defendant, was filed on January 10, 1895. The judgment in question was rendered July 17, 1891, more than three years before the bringing of this action, hence it was not at that time a lien upon the property of defendant. Revised Statutes, 1889, sec. 6012. When the lien ceased, all ground of its equitable enforcement necessarily ceased, for it could not be held that a mere resort to equity is sufficient to revive extinct liens. *Johnston v. Belden*, 49 Iowa, 301. Prior to its expiration plaintiff might in equity have enforced the statutory lien of the judgment. The time limit of his right in this respect elapsed about six months before the bringing of this action. It necessarily results that, unless the jurisdiction to afford him relief in equity can be upheld on some other ground than the enforcement of the *lien* of the judgment, his petition should have been dismissed upon the objection made thereto by defendant, that the remedy sought was full, adequate and complete, at law. It is settled that this objection will prevail if well founded, whether pleaded or not. *Humphreys v. Milling Co.*, 98 Mo. 542. It was properly made, however, in the present case, and defendant also demanded a trial by jury. The court, after overruling these defenses, tried the case as a strictly equitable proceeding and decreed a lien upon certain specific property of defendant.

That this was error is conceded in the opinion of my associates. I concur with them to that extent only. I hold further, however, that the petition did not make a case for equitable relief for the following reasons: After the expiration of the judgment lien,

plaintiff's remedy at law was twofold. *First*, he might have sued in assumpsit for money paid as surety. *Blake v. Downey*, 51 Mo. 437. In such action the judgment paid by the surety would be conclusive against the principal. *Pitts v. Fugate*, 41 Mo. 405. *Secondly*, he might have availed himself of a statutory right of action to recover the amount paid as surety with ten per cent interest from the time of payment. Revised Statutes, 1889, sec. 8347. By the first of these methods plaintiff would have received all the remedy which a court of equity could have afforded him in a proceeding begun after the expiration of the judgment lien. By resorting to the second method, or a statutory action for ten per cent interest on the sum paid, he would have derived a greater benefit than equity could have decreed after the cessation of the judgment lien because of the higher interests given by the statute. It is clear, therefore, that the legal redress open to plaintiff when this suit was instituted was as full, adequate and complete, as he could have realized by a suit in equity. Our code has not abolished the distinction between actions at law and in equity. To warrant a resort to equity the cause of action stated must embrace elements of which that court has jurisdiction. It must not be one belonging to courts of law, and in which they can afford complete and unembarrassed redress. Hence a showing that no lien exists is a perfect defense to an action in equity for its enforcement, and the further showing that the demand, after the elimination of the lien, is purely legal, and one for which courts of law furnish adequate redress, is a complete defense to the whole cause of action set up by the suit in equity.

Wherever subrogation of sureties has been upheld in equity in this state, it has been upon the ground, founded in reason, that there was something of advantage which equity could give the surety beyond what

he could recover at law in the collection of his debt. The jurisdiction of equity to subrogate the sureties on a collector's bond who had paid a judgment, recovered thereon by the state, to priority of satisfaction out of the assets of the estate of the deceased collector was upheld on the ground of this priority which inured to the state under the law. Revised Statutes, 1889, sec. 183; *Parks v. State*, 7 Mo. 195; *Miller v. Woodward & Thornton, Adm'rs*, 8 Mo. 169. In the latter case Judge NAPTON draws the distinction between the right of a surety to subrogation in equity and his mere legal right to reimbursement. The latter is conceded to belong to courts of law, but the right to reimbursement coupled with the right to securities, liens or priorities enforceable for such repayment, is a matter of equitable cognizance. If such securities exist and are available, they can only be recovered by suit in equity. The language of Judge NAPTON on this subject is as follows: "The right of a security to recover from his principal the amount which he has paid in his behalf is a right which may be established in a court of law; but his right to stand in the place of the creditor, as to all securities, funds liens, and equities, which he may have, is a right which can only be established in a court of equity." *Miller v. Woodward*, 8 Mo. *loc. cit.* 175.

In the case of *Furnold v. Bank*, 44 Mo. 333, 338, the jurisdiction in equity to enforce a judgment lien in favor of sureties, who had paid it off to disincumber their lands, was sustained on the ground that the lien was still existing, it being expressly stated in that case to wit: "*This suit was instituted before the judgment lien expired.*"

Under these authorities I am of opinion that plaintiff's right to equitable relief depended upon the existence at the time of his application of some matter of equitable cognizance, and, as the record shows the only

advantage he could have derived from the equitable principle of keeping the judgment alive to enable him to enforce its statutory lien failed when he permitted that lien to expire before resorting to equity, his right to the aid of that court vanished upon the cessation of such lien, and he was relegated to the legal remedies pointed out in this opinion.