## J. H. DICKEY, Respondent, v. COVENANT MUTUAL LIFE ASSOCIATION, Appellant.

**Kansas City Court of Appeals, January 8, 1900.**

1. **Benefit Societies:** REINSTATEMENT OF LAPSED MEMBER: MEDICAL BOARD V. MEDICAL DIRECTOR. Under the by-laws of defendant society the medical director acquires no right to pass upon the application of a lapsed member for reinstatement unless the medical board is not satisfied with such application or more than ninety days shall have elapsed since the applicant defaulted in his premiums.

2. ———: REPUDIATED POLICY: RECOVERY OF PREMIUMS. Where a benefit society abandons its contract by wrongfully refusing reinstatement and declaring the policy forfeited, the member can treat the contract as at an end and recover his premiums with interest.

3. ———: PETITION: AVERMENTS: PRAYER. If the petition contains the necessary allegations to recover premiums paid on a repudiated policy, the fact of an improper prayer will not prevent a judgment which is fully sustained by the matters alleged.

4. ———: REINSTATEMENT OF LAPSED MEMBER: MANDAMUS: ELECTION. Though mandamus may be a remedy for the reinstatement of a lapsed member, yet he can elect to maintain an action for his premiums.

Appeal from the Vernon Circuit Court.—*Hon. H. C. Timmonds*, Judge.

AFFIRMED.

*Scott & Bowker* for appellant.

(1) The proper remedy for a party refused reinstatement in a corporation to which he is rightfully entitled, is mandamus. Lysaght v. St. Louis, etc., Ass'n, 55 Mo. App. 538. (2) A party can not sue upon one cause of action and recover upon another; he must recover, if at all, upon the

theory presented in his petition. Wright v. Fonda, 44 Mo. App. 634; O'Brien v. Loomis, 43 Mo. App. 29; Price v. Railway, 40 Mo. App. 189; Mason v. Railway, 75 Mo. App. 1; Stix v. Matthews, 75 Mo. 96; Sumner v. Rogers, 90 Mo. 324. (3) Where a policy simply provides that in case of loss, the insurer will pay to the beneficiary the amount realized from an assessment made on the members, not to exceed a certain amount, the mere proof of a loss, or a breach of such a contract, without more, only entitles the party to nominal damages. This is true of all policies issued prior to the enactment of section 5862, R. S. Mo. 1889. Taylor v. Nat. Temperance Union, 94 Mo. 35. (4) Where two parties agree to leave a certain matter between them to a third, and that his action shall be final, the action of such third party is binding upon both parties, except in case of fraud. Howard Co. v. Baker, 119 Mo. 397; Chapman v. Railway, 114 Mo. 542; s. c., 146 Mo. 481; Thompson v. Dickerson, 68 Mo. App. 535; Murphy v. Ins. Co., 61 Mo. App. 323.

*M. T. January* for respondent.

(1) By stating more than was required, plaintiff did not forfeit his right to recover upon proof of facts he was required to state and did state in his petition. Campbell v. Railway, 121 Mo. 340; Walker Bros. v. Railway, 68 Mo. App. 465; Knox Co. v. Goggin, 105 Mo. 182. (2) Reinstatement is a right under prescribed conditions and the right is a part of the contract. It is so recognized by the policy and the by-laws of the company, and a member can not be deprived of this right without cause at the whim or caprice of the company. Bacon on Benefit Societies, sec. 385. Davidson v. Benefit Society, L. R. A. Book 1, p. 482; Van Houten v. Pine, 38 N. J. Eq. 72. (3) Where an insurance company violates the contract of insurance by depriving the policy holder of his membership in the company, without good cause,

the policy holder may treat the contract at an end and sue for damages. In such case the measure of damages is the total of premiums paid with interest. Suess v. Ins. Co., 64 Mo. App. 1; McKee v. Ins. Co., 28 Mo. 383; May on Insurance, p. 531, sec. 429. Contracts of mutual and stock companies are construed alike. Bacon on Benefit Societies, p. 230, sec. 180.

ELLISON, J.—Defendant in consideration of certain assessment premiums and an initiation fee issued to plaintiff a life benefit certificate or policy for $5,000. After making payments of such premiums during a course of several years, plaintiff failed to pay an assessment of $15.10 made against him by defendant and in consequence his certificate, by the terms of the contract between the parties as evidenced by the certificate and by-laws, became forfeited and of no effect, except that there was preserved to plaintiff a right of reinstatement under certain conditions set forth in the contract. Plaintiff made application for reinstatement and was refused. He thereupon brought this action praying a recovery of the "present value of said policy," in the sum of $4,500. Whether defendant rightfully rejected plaintiff's application for reinstatement is the principal question in the case. Plaintiff had judgment in the circuit court for the aggregate amount of the premiums which he had paid defendant and interest. Defendant claims such recovery was a departure from the petition and this is also made a point against the judgment.

The contract itself in connection with the by-laws which were made a part thereof clearly gave plaintiff the right to reinstatement after forfeiture for nonpayment of an assessment provided he complied with certain prescribed conditions to that end. He was required to make application therefor and to pay the defaulted assessment. The following are the provisions of the by-laws in this respect which are cited by the parties:

"Art. II., Sec. 6.    Medical Director.—The medical director shall examine all applications for membership or reinstatement, approve or reject the same, appoint local medical examiners and have supervision over them.    He shall be at all times subject to the orders issued by the board of directors and the president, and shall perform such other duties in connection with his department as may be required."

"Art. V., Sec. 5.    Reinstatement.—Any member having forfeited his or her membership by failing to pay any assessment or advance premium, may apply for reinstatement by furnishing a certificate of good health upon the forms furnished by the association, and paying all arrearages; provided, however, said certificate is not satisfactory to the medical board, or when more than 90 days shall have elapsed, the lapsed member shall furnish a new and full medical examination in such form and manner as the medical director may require, and the determination of the medical director as to whether such member shall be reinstated shall be final."

Plaintiff did make application for reinstatement on a form furnished by the company, accompanied by the defaulted payment.    This application showed him to be in good health and did not disclose any change in his condition save as to increasing age.    It was refused by defendant on the ground that its medical director had rejected it, and the accompanying money for arrearage was returned.

Defendant's contention is that the decision of the medical director was final and conclusive of plaintiff's right to reinstatement and relies on the by-laws above set out to sustain the contention.    Plaintiff contends that the contingency had not arisen which authorized the medical director to act on his application and that the rejection of the application being based solely on account of the decision of that officer it was not authorized by the by-laws, was wrongful and amounted to a violation and an abandonment of the contract by defendant. We are of the opinion that plaintiff's view is the correct one.

Construing together the two sections of the by-laws above set out, it is apparent that while it is the duty of the medical director to examine applications for reinstatement, such duty only arises in instances where the medical board is not satisfied with the application or certificate, or where more than ninety days have elapsed between the default and the application. In other instances the application is passed upon by the medical board alone and if satisfactory, on a *bona fide* examination by such board, the assured's right to reinstatement is complete. In the present case no contingency or condition existed for the exercise of the power of decision by the medical director, since ninety days had not elapsed and the medical board had not made known its dissatisfaction, if it had any.

2. On the question of the right to recover the premiums or assessments previously paid, we decided in the case of Suess v. Ins. Co., 64 Mo. App. 1, that where the insurance company abandoned the contract by wrongfully refusing to receive a premium when it was due and declaring the policy forfeited, the assured had a right to treat the contract as at an end and recover the money he had paid under it with interest. The principle of that case governs this, and is properly applied to a case where the company abandons the contract by wrongfully refusing reinstatement and declaring the policy forfeited. The right to reinstatement under certain conditions is a right vouchsafed by the contract. Bacon on Ben. Soc., sec. 385; Van Houten v. Pine, 38 N. J. Eq. 72; Nibblack on Ben. Soc., secs. 292, 293; Davidson v. Ins. Co., 39 Minn. 303. And if wrongfully refused the assured has the right to treat the contract as at an end.

3. But it is claimed that plaintiff's petition does not justify such recovery. It is true, the petition prays for recovery of $4,500, the present value of the policy. But it contains every allegation necessary to a recovery of the premiums or assessment paid, and we hold the mere fact of an improper prayer will not so govern the petition itself as to prevent a

judgment which is fully sustained by the matters alleged. Comings v. Railway, 48 Mo. 512; Kneale v. Price, 21 Mo. App. 295; Biddle v. Ramsey, 52 Mo. 153; Crosby v. Bank, 107 Mo. 436; Harper v. Kemble, 65 Mo. App. 514. We rule the point against defendant.

4. It is suggested that plaintiff's remedy should have been mandamus to compel his reinstatement. But if our view as to plaintiff's right to treat the contract as at an end is correct, he has a right to maintain this action, whatever may have been his rights had he chosen to continue under the contract.

What we have said disposes of the action of the court on the instructions. The judgment will therefore be affirmed. All concur.