## BERRY vs. ROBINSON, et al.

1. Although a party may have an adequate remedy at law, it does not follow that a court of equity loses its jurisdiction. There are many cases in which courts of law and equity have concurrent jurisdiction.

Berry vs. Robinson, et al.

2. A being entitled to an interest in the estate of B, conveys his interest by deed to C, and dies. The deed being lost, C has his demand allowed in the county court against the estate of A. C then files his bill in chancery against the administrators of both A and B; and prays to have his demand paid by the administrator of B; or to compel the administrator of A to pay over the distributive share received of the estate of B. Held, that the bill is multifarious in joining the administrator of A, who has no interest in the proceeding against the administrator of B, and is bad on demurrer.

## ERROR to Callaway.

REID & HARDIN, for Plaintiff in error.

### POINTS.

1. Is the complainant Berry entitled to the discovery sought in a court of equity, and relief prayed for.

2. Has complainant by virtue of the facts stated and exhibits made in said bill, such an equitable right as will be enforced by a court of equity to a decree against Robinson, as administrator, &c., of Samuel Dooly, dec'd, for an amount sufficient to satisfy the judgments rendered in the Callaway county court, vs. the adm'r of Thomas Dooly, dec'd, in his (complainant's) favor.

3. The bill is not, upon its face, destitute of equity, but contains equity, consequently said demurrer should have been overruled, and not sustained.

4. The record may authorize the raising of other questions, all of which it is presumed, however, may be considered under the above heads.

### AUTHORITIES.

For 1st point, see generally 1st Story's Equity, and authorities there referred to, page 82, &c.

For 2d point, Armstrong vs. Gilchrist, 2 John. cases 424. Rathborn vs. Warren, 10 John. R. 587, 596. King vs. Baldwin, 17 John. R. 384. See 1 Story, p. 88, and authorities there referred to, note 2.

For 3d point, 1st Story under head of administrators generally, and authorities there referred to.

JAMISON & SHELEY, for Defendants in error.

1. There is a general rule that chancery has no jurisdiction over any

subject matter, or the power to grant relief where there is a remedy at law; in all such cases the parties will be left to seek redress in a court of law, the only legal and proper taibunal to investigate such matters. See Blanchard vs. Kenton, 4 Bibb 451; McGreery vs. Lewis, 4 Bibb 323; Watts & Garraty vs. Hunn, 4 Little 297; Brady's ex'rs. vs. Ellis, 1 Mo. Rep. 402.

2. It being established that the courts of equity will not entertain jurisdiction when there is a remedy at law, the following authorities go to show that the plaintiff had his remedy at law, if as alleged, he was one of the heirs of the said Samuel Dooly, dec'd, or stands in the place of one of the heirs by purchase. See Revised Code 1845, 8th and subsequent sections of the 7th article of the law regulating administration.

3. The bill was defective, and the demurrer properly sustained thereto, because the same concluded with a prayer in the alternative. See Shields and Hickerson vs. Bogliolo, 7th Mo. Rep. 134.

McBRIDE J., delivered the opinion of the court.

The complainant brought his bill in chancery against the defendants, alleging that Thomas Dooly, dec'd, was indebted to him on two notes of hand for one hundred and fifty dollars each; in consideration of which, Dooly on the 16th November, 1831, executed a deed by which he assigned to complainant all of his interest in the estate of his deceased son, Samuel Dooly, who died intestate, leaving a large amount of real and personal estate, and that Robinson was appointed administrator. Subsequently Thomas Dooly died intestate, leaving no estate other than the interest which he was entitled to out of Samuel's estate, and that Preston B. Reid obtained letters of administration on the estate of Thomas. The deed from Thomas Dooly to the complainant having been lost or mislaid, he exhibited his demands to the county court of Callaway county, and obtained an allowance against Reid the administrator, for the balance due on the said notes, as also for an open account which he had against the said Thomas Dooly, deceased. Robinson, the administrator of Samuel Dooly, made his final settlement with the county court, by which it appears that there was left of the estate of his intestate for distribution, the sum of $2000, or upwards. That the said Thomas Dooly, the father, John Dooly, the brother, Sarah Dooly, the sister, and William Dooly, the nephew, of said Samuel Dooly, were the legal heirs and distributees, and as such,

each were entitled to the one equal fourth part of Samuel's estate, after the payment of debts, &c. That John Dooly has departed this life intestate and insolvent—Sarah and William have also died intestate, and Paul H. Dooly has obtained letters of administration on their estate—and that distribution has been made by Robinson without regard to the complainant's rights. Robinson, Reid and Paul H. Dooly are made defendants.

The bill seeks the enforcement of the assignment made by Thomas Dooly to the complainant, all his right and interest in the estate of Samuel Dooly; or a decree for the payment of his demands allowed by the county court of Callaway county against Reid as administrator of Thomas, out of the estate of Samuel Dooly, deceased, and for general relief. To the bill, the defendants filed a general demurrer, which being sustained, the complainant has brought the case here by writ of error.

The defendants insist that the complainant having a full and ample remedy at law for the enforcement of his rights against the administrator of Samuel Dooly, cannot come into a court of equity to invoke the aid of the chancellor; and refer the court to several decisions to be found in the Kentucky Reports. We have not the means of examining those authorities as they are not in our library, but apprehend they go no further than to assert the general doctrine, that where full and adequate relief can be had at law, a court of equity will not entertain jurisdiction. So our statute regulating practice in chancery asserts the same general rule, (R. C. 506,) and yet in many cases the courts of law and equity exercise concurrent jurisdiction, leaving the party to resort to the one or the other as may best suit his interest or convenience; and the court first obtaining jurisdiction will proceed to try the cause by which the rights of the parties will be concluded. But independent of this practice of the courts which is believed to prevail almost universally in the several States, the sixth clause of the eighth section, first article of an act entitled "an act to establish courts of record, and prescribe their powers and duties," R. C. 155, confers the power on a court of chancery to examine the settlements of administrators, &c., and enforce the payment of legacies, &c. See further on this subject, the case of Erwin and wife vs. Henry, decided at the present term of this court.

Assuming then that a court of chancery has jurisdiction of the subject matter of the bill, we will examine the bill to see whether the demurrer was properly sustained by the circuit court on another ground.

The bill commences by setting up an equity growing out of the assignment made by Thomas Dooly to the complainant, of all his interest in the estate of his deceased son Samuel Dooly, alleging the loss of the deed evidencing the assignment. This would give the court of chancery jurisdiction, inasmuch as the county court would have no power to entertain a proceeding to ascertain the character and effect of the deed. But being doubtful himself of his rights, and not willing to rest his case upon the deed of assignment, the complainant seeks to obtain a decree against the administrator of Samuel Dooly, deceased, who it appears from the bill, has made a final settlement of his administration, and paid over the balance in his hands to the distributees—or a decree against the administrator of the distributee.

The right then attempted to be enforced either springs out of the assignment from Thomas Dooly, deceased, to the complainant, or the allowance made to the complainant by the county court of Callaway county against the estate of Thomas Dooly. If from the former, we can see no propriety in making Reid, the administrator of Thomas Dooly, a party to the suit, as he can have no possible interest in the result of the controversy under the assignment of his intestate. If the decree should be in favor of the complainant, the administrator of Thomas Dooly will not be effected thereby, and if against the complainant, the administrator succeeds to no rights which he has not already. As the representative of the assignor, there appears to be no greater necessity for making the administrator a party, than there would be in an action at law by an assignee against the obligor of a bond. If Thomas Dooly had by the laws of this State, the interest claimed in the bill, in the estate of his son Samuel Dooly, that interest was by him, in his lifetime, transferred to the complainant.

The bill in this case, like the one in the case of Jones vs. Paul, et. al., decided at the present term, is defective in making the administrator of Thomas Dooly a party to a controversy in the subject matter of which he has no interest in common with other defendants.

The other members of the court concurring herein, the judgment of the court on the demurrer is sustained.