————o————

JOSEPH C. HULL, Respondent, *vs.* WILLIS M. SHERWOOD, Appellant.

1. *Judgment—Assignment of by plaintiff to surety of defendant—Execution against co-surety—Motion to quash.*—A surety of defendant in execution, cannot by paying the amount of a judgment and obtaining an assignment thereof, by a summary proceeding at law, sue out an execution against his co-surety. And such execution may be quashed on motion.

*Appeal from Buchanan Common Pleas.*

*Bennett Pike, with Vinton Pike,* for Appellant.

Two questions are submitted upon the record.

I. Payment by one of several defendants extinguishes the judgment, whatever may be the intention of the parties to the transaction.

It is not in their power to keep the judgment on foot for the benefit of the party paying. Albin could not obtain a re-

lease for himself without the release of all his co-defendants. It was not legally possible for him to be an assignee of a judgment in which he was defendant. (Harbeck vs. Vanderbilt, 20 N. Y., 395, opinion of Selden, J., pp. 397, 98; Russell vs. Hugunin, 1 Scam., 562; Stevens vs. Moore, 7 Greenl., 24; Brackett vs. Winslow, 17 Mass., 159; Brackett vs. Winslow, 37 Mo., 573; Hammatt vs. Wyman, 9 Mass., 138; Adams vs. Drake, 11 Cush., 503; McDaniel vs. Lee, 37 Mo., 204.)

While in equity and under the statutes of some of the States, he is entitled to the lien of the judgment, and in a manner to an assignment of the judgment, he is in no case so entitled at common law. (1 Sto. Eq. Jur., 561, note 1; 6 Paige, 254–7; 10 Johns., 524.)

If successful in this proceeding, Albin obtains an undue advantage over Sherwood, his co-defendant and co-surety for Ayres. Any equitable defense or set-off, of which he could have availed himself in a suit for contribution, is cut off.

II. The case of McDaniel vs. Lee was an injunction, and jurisdiction was obtained for equitable adjustment between the parties. But equitable interference was not sought in this case. The proceeding was purely a legal one. (Reed vs. Austin, 9 Mo., 713; Western vs. Clark, 37 Mo., 568, and was also regular; Rucker vs. R. R. C., 44 Mo., 415; 38 Mo., 100; 34 Mo., 340.)

*Loan & Mosman,* for Respondent.

I. If Sherwood had been compelled to resort to a court of equity for an injunction to restrain the proceedings on the execution in this case, he would have no standing there until he had indemnified his co-surety for half the debt.

By resorting to a motion to quash the execution and calling it a proceeding at law, he cannot obtain any greater or other relief than he could in a court of equity. (Berthold, Adm'r of Sarpy, vs. Berthold, 46 Mo., 558; Furnold vs. Bank of State of Missouri, 44 Mo., 336; McDaniels vs. Lee, 37 Mo., 204.)

SHERWOOD, Judge, delivered the opinion of the court.

This case comes up here on appeal from the refusal of the court below to quash an execution issued at the instance and to the use of one Albin, to whom (he being the surety of Ayers, who was insolvent, and the co-surety of Sherwood the defendant) was assigned, upon its being paid in full, a judgment recovered by the plaintiff, Hull, against Ayres, Albin and Sherwood.

The motion was filed by the defendant and ought to have prevailed regardless of the intention with which the assignment of the judgment to the co-surety was procured. Hammatt vs. Wyman, 9 Mass., 138; Brackett vs. Winslow, 17 *Id.*, 154; Harbeck vs. Vanderbilt, 20 N. Y., 395, fully support this view; and our own decisions, so far as they go, do not militate against it.

This proceeding was a purely legal one, conducted in a summary manner, without the formalities of pleading, in which it was impossible to invoke the equitable doctrines of substitution or subrogation.

After Hull had received payment of his debt he could not have successfully sued out an execution; and for the same reason, it was beyond his power to authorize any one else to do so, under any pretext, in his name.

As to what would be the right of Albin in another form of procedure, it would be *dehors* this record to determine.

Judgment reversed and cause remanded; all the other judges concur.