BENJAMIN F. WEBSTER, Respondent, *v.* CHARLES M. SWITZER, Appellant.

### April 1, 1884.

1. DESCRIPTIO PERSONÆ — TRUSTEE — EVIDENCE. — If language appropriate to charge a trust fund is not used in the writing, the addition of the word "trustee" to the signature does not create a latent ambiguity for explanation of which oral testimony is admissible.

2. —— NEGOTIABLE INSTRUMENTS. — One who executes a negotiable promissory note in the usual form, is personally liable thereon, notwithstanding he adds to his signature the words "trustee of A."

3. —— CONSIDERATION. —An agreement giving six months' time to pay a mature obligation of a trust estate is consideration sufficient to support a note made by the trustee in his own name for the amount due the estate.

APPEAL from the St. Louis Circuit Court.
*Affirmed.*

GILLIAM & FERRIS, for the appellant: The note and receipt were executed at the same time and as parts of the

same transaction, though bearing different dates; and they are to be construed together, and, being so construed, exclude personal liability. — *Brownlee* v. *Anwed*, 60 Mo. 80; *Lewis* v. *Penn. Mutual Life*, 3 Mo. App. 374. The doctrine of personal liability rests upon the want of power to bind the estate, but if there is power to bind the estate, then the liability of agency only is in question, and it is competent to show by parol who is the real party to this contract. *Shuetz* v. *Bailey* (40 Mo. 69), presents an agreement of which this is almost a literal copy, and it is held to be the agreement of the estate. — Story on Ag. (9th ed.) 314–316, note; *Turner* v. *Thomas*, 10 Mo. App. 338–341; *Steamboat* v. *Hammond*, 9 Mo. 59; *Kuntz* v. *Temple*, 48 Mo. 47; *Cleveland* v. *Stewart*, 3 Ga. 297; *Perkins* v. *Catlin*, 11 Conn. 226; *Ross* v. *Espy*, 66 Pa. St. 481; *Whitehan* v. *Hanson*, 42 N. H. 9; *Baker* v. *Gregory*, 28 Ala. 544. Although a note signed by a trustee binds him personally, yet such note must be upon sufficient consideration. — Williams on Ex. 1875–1877; *Thacher* v. *Dinsmore*, 6 Mass. 299.

GARLAND POLLARD, for the respondent: When a party signs a paper as trustee, or administrator, or executor, he makes himself personally liable, unless he limits his liability in the instrument, and the words trustee, administrator or executor are treated as surplusage. — *Rittenhouse* v. *Ammerman*, 64 Mo. 197; *Studebaker* v. *Montgomery*, 74 Mo. 101; 1 Pars. on Con. (6th ed.) 121; 1 Pars. on Notes & Bills, 89–161; 51 Mo. 128; 1 Dan. Neg. Inst. (1st ed.) 207. The granting of further time within which to discharge a matured obligation is sufficient consideration for the note. — *Gross* v. *Blodgett*, 64 Mo. 449; *Myers* v. *Lowell*, 44 Mo. 328.

BAKEWELL, J., delivered the opinion of the court.

This was an action upon a negotiable promissory note, dated December 15, 1881, payable six months after date,

to the order of plaintiff, for $1,059.73, with interest from date at eight per cent, signed " C. M. Switzer, trustee of M. E. Mead and children."

The answer of defendant admitted that he executed the note as trustee for Martha E. Mead and her children, but said that the note was without consideration so far as defendant is concerned, and said that, by reason of the facts set up in the answer, the note was not the note of defendant, and that he was not liable upon it.

The answer then makes the following allegations : —

Anna B. Jennings died in 1868, leaving a will by which she devised certain property to trustees for the use of her daughter Martha E. Mead, for life, remainder to her children. The will directed that the property should be invested according to the discretion of the trustee. Defendant was, in 1875, appointed trustee under the will by order of the circuit court, and, since then, has been trustee under the will.

In October, 1880, the trust estate owned a vacant lot in St. Louis adjoining a vacant lot owned by plaintiff. Defendant and his cestuis thought proper to invest the trust funds in building upon the vacant lot of the estate. Plaintiff was about to build on his lot, and proposed to erect a party wall between the two lots, one-half of the cost to be repaid to him from the funds of the estate when the lot of the estate should be improved. This proposition was accepted, and, on the 14th of October, 1880, an agreement was entered into. This agreement is set out, word for word. It states that the parties are Charles M. Switzer, trustee of Martha Mead and her children, and Benjamin F. Webster ; that Switzer, as trustee, etc., and Webster, own in fee adjoining lots, which are described; that Switzer, as trustee, etc., authorizes Webster " to so build and set the western building, now in course of erection on the lot of said Webster; that one-half the footing corner stone wall and one-half the thirteen-inch brick wall shall be on the land owned by

said Switzer, as trustee as aforesaid; and also to cover the front of said partition wall with stone and iron ornaments in conformity with the plans of the building designed by E. Jurgenfeld. And; in consideration of the erection by said Webster, at his own expense, of the said party wall, the said Switzer, as trustee as aforesaid, agrees and binds himself, his successors in trust and his assigns, to refund unto said Webster, his heirs and assigns, one-half the cost of said party wall whenever the lot so held by him in trust as aforesaid is sold, leased, exchanged, or improved, and the cost of the one-half of said party wall is hereby made and declared to be a lien upon the lot so held by said Switzer, as trustee as aforesaid; and it is hereby agreed, that from and after the time that the said Switzer and his successors or assigns, shall improve said lot, or lease, or sell the same as aforesaid, the amount of money found to be due the said Webster, his heirs and assigns, as the one-half of the cost of said party wall, shall bear interest at the rate of eight per cent per annum until paid. And it is hereby further agreed by and between the parties hereto, that the amount of money which will be due to said Webster under the terms of this agreement shall be ascertained whenever a lease or sale of, or improvement upon, the Switzer lot is made, by two experts, one of whom shall be chosen by each of the parties hereto, and in case the two appointed can not agree, they shall have power, and are hereby authorized, to appoint a third one, whose decision shall be final and binding on the parties hereto. It is hereby further agreed that said Switzer, as trustee as aforesaid, his successor or assigns, will build or lay the joists of the new, or the extension of the old, building on his said lot, with the party wall to be erected by said Webster in the manner shown on the marginal plat; and in consideration of the premises, the said Webster hereby covenants and agrees to build the said party wall at his own expense, as aforesaid." This instru-

ment is under seal, and signed by Webster and by " Charles M. Switzer, trustee," and acknowledged by both parties, Switzer acknowledging that he signed as trustee, and that it is his act and deed as trustee.

The answer then states, that the improvements of the lot and building of the party wall were proper investments of the trust funds; that plaintiff erected the party wall under the agreement; that one-half of the cost of it was ascertained at $1,059.73; that on the 15th of December, 1881, there was completed on the lot of the estate, with the trust funds, a building in which the party wall was used; that, after this, it was orally agreed between plaintiff and defendant that, as the estate had not then the money to pay for the wall, the amount owing by the estate should be paid by installments as the estate had funds; that plaintiff knew the estate was without funds on hand, and knew the terms of the trust and the authority of the trustee, and expressed himself satisfied to wait until the estate came into funds; that on the 22d of March, 1882, several months after this understanding, plaintiff represented to defendant that, though willing to wait for the money due him by the estate, he desired that the defendant would give him an acknowledgment of such indebtedness in the shape of a promissory note, expressing the amount due and the rate of interest; whereupon defendant orally agreed with plaintiff to execute to him a note, as trustee for E. M. Mead and children, upon the agreement that such note should not alter the relations and obligations existing between the parties, or the trust estate, nor bind the defendant personally, nor release the trust estate, nor change the manner or time of payment, but that when installments were paid from the trust estate, they should be credited upon the note; that the note sued on was executed in pursuance of this agreement, and was dated the 15th of December, to correspond with the date of the completion of the building on the trust estate. This

note was delivered on the 22d of March, 1882, and plaintiff then gave defendant the following receipt: —

" ST. LOUIS, March 22, 1882.

"Received of Chas. M. Switzer, trustee for Martha M. Mead and her children, a promissory note for $1,069.73, dated December 15, 1881, and payable six months after date with 8 per cent interest from date, which note, when paid, shall be in full settlement of one-half the costs of a party wall erected under an agreement with B. F. Webster.

" JULIUS PITZMAN,
"*For himself and B. F. Webster.*"

Plaintiff moved to strike out parts of this answer which set up an oral agreement at variance with the note, and demurred to the remaining parts. The motion and demurrer were sustained. Defendant refused to plead further, and there was judgment for plaintiff.

1. There can be no doubt, we think, that, on the face of it, the note sued upon must be taken to be the note of the defendant. A trustee who signs a note describing himself as trustee, does not limit his liability by that. If he desires to confine the liability to the trust estate, this must appear in the body of the note. *Studebaker Mfg. Co.* v. *Montgomery*, 74 Mo. 103. There are cases in which an agreement signed by the agent of a corporation in his own name has been held to be the agreement, not of the agent, but of the corporation. This relaxation of the general rule arises apparently from the course of business of railroad and banking corporations. In such case, the signature of the official has sometimes been held to throw such doubt upon the meaning of the instrument as to warrant a resort to oral evidence to prove from the circumstances what was the meaning of the parties as to whether the agent or the cor-

poration should be bound. *Smith* v. *Alexander*, 31 Mo. 193. This class of cases seems to be those in which it has been thought that the signature of a treasurer of a corporation, or that of the cashier of a bank, might be taken to be the ordinary mode of executing such contracts as these under examination, in the name of the corporation. But we do not think that the addition of the word " trustee " to the signature of a contract otherwise plain, has been held to create a latent ambiguity to be explained by extrinsic evidence. In the case at bar, the defendant does not use any language appropriate to charge the trust fund alone. He says that he promises to pay. The *descriptio personæ* may aid him in keeping his accounts, but it must be held incompetent to shield him from personal liability. *Hull* v. *Sherwood*, 59 Mo. 172 ; *Fike* v. *Elbridge*, 12 Gray, 474.

2. The note sued on was an unconditional promise to pay a certain sum at a certain time. It would have been clearly incompetent for defendant to show the modification of this agreement by the prior oral understanding set up in the answer that the money should be paid only in installments from time to time as it might be received from the trust estate. *Ewing* v. *Clark*, 8 Mo. App. 570

3. The answer does not show a want of consideration to support the note sued on. By the terms of the written agreement set up in the answer, the amount due to plaintiff for the party wall was ascertained on December 15th, and seems to have been payable then. That plaintiff should give six months' time to the estate of which defendant was trustee to pay this sum, was in itself a sufficient consideration to support a note made by defendant in his own name for the amount.

We are of opinion that, upon the pleadings, the judgment was for the right party, and it is affirmed. All the judges concur.