JULES C. LACHANCE, Respondent, v. JOHN LOEBLEIN, Appellant.

May 13, 1884.

1. EVIDENCE — DISPUTED SIGNATURE. — Writings conceded to be genuine, or which the other party is estopped to deny, or which belong to the witness, who is acquainted with the handwriting of the alleged writer, are competent in establishing, by comparison, a disputed signature.

2. —— That a witness examined as to a handwriting had seen the alleged writer write his name twice only, does not render the evidence incompetent, but goes only to the question of credibility.

3. NEGOTIABLE INSTRUMENTS — POSSESSION. — Possession of a negotiable note indorsed in blank by the payee gives a *prima facie* right to recover on it which can be overcome only by direct evidence.

4. —— TRUSTEE'S TITLE. — A trustee's title is not necessarily divested by the death of the beneficiary.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Affirmed.*

F. GOTTSCHALK, for the appellant: The testimony to prove the alleged signature was incompetent. — *The State* v. *Scott*, 45 Mo. 303; *The State* v. *Clinton*, 67 Mo. 383; *Dow* v. *Spenny*, 29 Mo. 387.

MILLS & FLITCRAFT, for the respondent: Courts will never inquire whether a plaintiff sues for himself or as trustee for another, nor in the right of possession, unless in an allegation of *mala fides*. — See 2 Dan. Neg. Inst. (3d ed.), sect. 1191, and the authorities there cited; *Demuth* v. *Cutler*, 50 Me. 300; *Manufacturers' Nat. Bank* v. *Thompson*, 129 Mass. 438; *Palmer* v. *Nassau Bank*, 78 Ill. 380; It matters not that such nominal holder will receive the amount as trustee, agent, or pledgee. — *Nicolay* v. *Fritschle*, 40 Mo. 67; *Wells* v. *Schoonover*, 9 Heisk. (Tenn.) 805; *King* v. *Fleece*, 7 Heisk. (Tenn.) 274; *Boyd* v. *Corbit*, 37 Mich. 52; *Bank of Charleston* v. *Chambers*, 11 Rich. 657; *Logan* v. *Cassell*, 88 Pa. St. 288. Writings admitted to be genuine are competent as proof of a signa-

ture. — *The State* v. *Clinton*, 67 Mo. 385 ; *The State* v. *Tompkins*, 71 Mo. 616.

LEWIS, P. J., delivered the opinion of the court.

This is a suit on a promissory note for $500, appearing to have been executed by the defendant in favor of Fred. Smith, dated September 1, 1873, and payable in one year, with interest at ten per cent from date, and bearing the indorsement of the payee in blank. The answer is a general denial, with a specific denial of the execution of the note by the defendant, sworn to in due form.

At the trial, several witnesses were introduced by the plaintiff to prove the defendant's signature on the note. All of them, excepting one, had seen the defendant write his name ; some of them, several times. His signature to the answer in this case was shown to them, and some other papers bearing his signature were exhibited for the purposes of comparison with the signature on the note. The defendant objected to all this testimony, and renews his objections here. Verdict and judgment were for the plaintiff.

As to the admission in evidence of writings irrelevant to the record for the purpose of establishing a standard of comparison with the handwriting in dispute, our supreme court has adopted the rule as laid down by Greenleaf, " that such papers can only be offered in evidence to the jury when no collateral issue can be raised concerning them, which is, only when the papers are either conceded to be genuine, or are such as the other party is estopped to deny, or are papers belonging to the witness, who was himself previously acquainted with the party's handwriting, and who exhibits them in confirmation of his own testimony." 1 Greenl. Ev., sect. 581 ; *The State* v. *Clinton*, 67 Mo. 380. The rule was substantially followed in the present case. The defendant was estopped to deny his signature to the answer and his affidavit in its support. The lease exhibited had been in the possession of the witness for

several years, and the witness had seen the defendant sign it. But every objection on the score of comparison was finally waived by the defendant, when both parties agreed that the jury might take the papers in question, for a comparison of the several signatures appearing on them.

It seems to be contended for the defendant, that the testimony of a witness ought to have been excluded, because he only " saw defendant write his name twice in his life, on two occasions of no particular interest to himself ; " and that of another, because he had seen the payee and indorser write " but once in his lifeti me, and that was very long ago." Such objections do not re ach the question of competency or of admissibility. They may be entitled to consideration argumentatively, as to the persuasive weight of the testimony ; but that is all. We have nothing to do with such objections. Some other points are made against admissions of testimony for the plaintiff ; but they merit no serious attention. The witnesses were naturally reluctant to swear positively that the defendant signed the note ; since not one of them had seen him do so. But they gave fairly the impressions of convictions resulting from their familiarity with his handwriting, and an examination of the note before them ; than which, nothing more is ever expected in such cases.

The plaintiff's possession of a negotiable note indorsed in blank by the payee gave him, *prima facie*, the right to sue and recover upon it. This right could be negatived only by a direct showing of *mala fides* in his acquisition or possession. There was no attempt at any such showing in the present case. It is idle to pretend that any relations of trust between the holder and his indorser, or any other person having a beneficial interest, can be set up by the maker against the rights of the nominal holder. Such matters have nothing to do with the maker's obligation to pay. Dan. Neg. Inst., sects. 1191, 1192. The plaintiff testified that the note came to him charged with a trust in

favor of a minor stepson of the defendant, who has since died. We are not prepared to accept the defendant's doctrine, that a trustee's title is necessarily divested, or "revoked," by the death of the beneficiary. The judgment is affirmed. All the judges concur.