CHARLES D. HARPER, Respondent, v. EMIL ROSEN-BERGER, Appellant.

St. Louis Court of Appeals, January 30, 1894.

1. **Principal and Surety**: SATISFACTION OF JUDGMENT. When a judgment against both a principal and his surety is collectible out of lands of the former on which it is a lien, the surety is entitled upon payment of it by him to have it assigned to him, the remedy afforded by section 8351 of the Revised Statutes not being exclusive in such case; nor will such payment and satisfaction operate as an extinguishment of the judgment.

2. **Equity**: EXISTENCE OF REMEDY AT LAW. *Held, arguendo,* that the test of the right to equitable relief 'is not whether there is a concurrent legal remedy, but whether the remedy at law is adequate and complete.

3. ———: ———: PLEADING. A remedy at law must be pleaded to render the existence of it available as a defense to an action in equity.

4. **Tender**: EFFECT ON ACCRUAL OF INTEREST: COSTS. Under the statute a tender (without deposit in court) stops the running of interest. And when a tender due from the plaintiff as a condition to his right to equitable relief, has been made prior to the institution of the action, and the defendant denies the right of the plaintiff to relief, tender or no tender, the plaintiff is not bound to keep the tender good by deposit in court, in order to save his costs, if successful.

*Appeal from the Montgomery Circuit Court.*—Hon. E. M. Hughes, Judge.

Affirmed.

*J. D. Barnett* and *Emil Rosenberger* for appellant.

(1) Plaintiff had a full and complete remedy at law. Under the provisions of section 8351, of Revised Statutes, his remedy was ample. He has obtained no relief in the decree rendered in this cause which he would not have received, had he followed the statutory remedy. (2) The decree is based upon the alleged tender made by plaintiff to defendant. The tender was insufficient, because it was coupled with a requirement that the judgment be assigned to plaintiff by defendant. (3) The tender ceased to be available to plaintiff, because he failed to keep it in continuing efficacy. In his letter of Dec. 19, 1891, to plaintiff, defendant offered to accept the money from plaintiff without any condition or stipulation on his, defendant's, part. (4) Plaintiff failed to renew his tender in his petition, but bases his case upon an independent theory. Tenders must be continuing and continuous. *Kitchen v. Clark*, 1 Mo. App. 430; *Berthold v. Reyburn*, 37 Mo. 586; *Voss v. McGuire,* 26 Mo. App. 452.

*G. Pitman Smith* for respondent.

(1) The proceedings provided for in section 8351 of the Revised Statutes, 1889, are cumulative, and in no way interfere with a surety's right to proceed by bill to enforce his right to subrogation, or to secure his discharge because of the acts of the judgment creditor. (2) The surety is entitled to any evidence of debt and to any judgment in which the debt has been merged.

The surety's right to subrogation and to stand in the creditor's shoes, springs from the most obvious principles of natural justice, and, for the purpose of obtaining indemnity from the principal, he is entitled to all his liens, privileges and means of payment against the principal. Brandt on Surety, secs. 260-264; *Berthold v. Berthold,* 46 Mo. 557; *Furnold v. Bank,* 44 Mo. 336; *Furguson's Adm'r v. Carson's Adm'r,* 86 Mo. 673. The judgment was obtained against the surety and the principal because the surety so demanded, and after the judgment he can not be deprived, first by the delay of the bank and afterwards by the determined stand taken by the defendant creditor, of the very relief he sought, by the stay of execution. Bigelow on Estop. pp. 505-506,507; Brandt on Surety, sec. 295; *Rice v. Morton,* 19 Mo. 263.

ROMBAUER, P. J.—The petition states, in substance, the following facts: The plaintiff signed a note for $1,000 as surety for one Kemble. Kemble failed to pay the note at maturity, and the plaintiff requested the holder to sue upon it, which the holder did, recoving a judgment thereon against Kemble and the plaintiff. This judgment the holder assigned to the defendant, who was Kemble's agent and who knew that the plantiff was a mere surety on the note on which the judgment was founded. The plaintiff, learning of these facts, requested the defendant to cause execution to be issued on the judgment. This the defendant declined to do. The plaintiff then tendered to the defendant the full amount of the judgment in money, and requested the defendant to assign to him the judgment, which the defendant likewise refused to do, unless the plaintiff would bind himself to have the judgment satisfied of record. The petition then proceeds to state that the judgment was a lien on Kemble's

lands which were of sufficient value, if sold on execution, to pay the judgment, and that the defendant, as agent of Kemble, held sufficient assets of the latter in his hands to pay it.

The petition then charges a conspiracy between Rosenberger and Kemble to defraud the plaintiff of his lawful rights as surety to have said note paid out of Kemble's assets, and prays that the court may, upon the showing of these facts, decree that the said judgment is satisfied as to the plaintiff, and may perpetually stay any execution which might be issued thereon against the plaintiff.

To this petition the defendant answered by *general denial.* Upon the hearing of the cause, the defendant objected to the introduction of any evidence on part of the plaintiff, on the ground that his petition stated no cause of action. The objection was overruled, and the plaintiff excepted. The court then heard evidence which substantiated the plaintiff's petition, except that it showed, in addition, that Rosenberger was willing to take the plaintiff's money in *payment* of the judgment, but was not willing to assign the judgment *to any one.* The defendant then gave evidence to the effect that the plaintiff and Kemble were sureties for each other on various debts, and that he, Rosenberger, bought this judgment solely for the protection of Kemble, and with no view of enforcing it against the plaintiff; that he was Kemble's friend, and thought, if his (Kemble's) lands were sold under execution, they would be sacrificed, while, if sold at private sale, they would realize enough to pay off all incumbrances, including this judgment, and leave a margin for Kemble.

The court upon this evidence made a decree finding the issues for the plaintiff, and ordering that the defendant, upon payment to him of the amount of said judgment, assign the same to the plaintiff, or that, in

default of his doing so, the title thereto be vested in the plaintiff by the decree. From this decree the defendant alone appeals, and assigns for error that the petition states no cause of action, and that the decree is not supported by evidence.

The objection, that the petition states no cause of action, seems to be based on the proposition that the plaintiff had an adequate remedy at law under the statute, and hence was not entitled to equitable relief. Section 8351 of the Revised Statutes of 1889 provides that any surety, paying a judgment rendered against his principal and himself upon a note, may have judgment against his principal upon motion for the amount paid with ten per cent interest. Whether this statute furnishes the exclusive remedy to the surety, where it accomplishes the same result as an action in equity for subrogation, we need not decide, as it is evident upon the plaintiff's petition and evidence that in this case it would not have furnished him as adequate a remedy. The petition avers, and the proof shows, that the judgment was a lien on Kemble's lands, the benefit of which lien the plaintiff would have lost by a payment and extinguishment of the judgment. The test of this right to equitable relief is not the existence of a concurrent legal remedy but a remedy at law which is *adequate and complete.* Even in the latter cases, courts of equity may interpose as to matters coming peculiarly under the head of equity jurisdiction. *Berry v. Robinson,* 9 Mo. 276; *Pratt v. Clark,* 57 Mo. 189; *Real Estate Sav. Inst. v. Collonious,* 63 Mo. 290. Besides that, to make the objection available, the remedy at law must be pleaded in defense of the equitable suit (*Blair v. Railroad,* 89 Mo. 383), which was not done in the present case.

That the surety upon the payment of the debt is entitled to an assignment of all securities belonging to

his principal is elementary. It is true that an assignment of the judgment to a judgment debtor operates in law as an extinguishment of the judgment. *Hull v. Sherwood*, 59 Mo. 172. But that is true only where the proceeding is purely legal. Where equitable rights of substitution or subrogation arise, there is no reason why the assignment to the surety should not keep the judgment as against the principal, and its lien on the the lands of the principal, alive for the surety's benefit. *Furnold v. Bank*, 44 Mo. 336, 339, and *cases cited*.

The objection, that the decree is unsupported by the evidence, rests upon the claim that the tender made by the plaintiff to the defendant was not a continuing tender, that the money was not paid into court, and that the decree is erroneous to the extent that it deprives the defendant of interest between December 19, 1890, the date of the tender, and the date of the rendition of the judgment, and that it is also erroneous in adjudging the costs against the defendant.

The plaintiff's petition alleges a tender without stating its exact date. The proof shows, and the court finds, a tender made on the nineteenth of December, 1890. The tender was sufficient to stop the running of interest under the statute. The court also finds that the amount of said tender had been paid into court, and that the tender was for a sufficient amount. The entire controversy was not one touching the amount due, but touching the plaintiff's right to any relief. The defendant denied that the plaintiff was entitled to any relief, tender or no tender. We are not aware of any decision, that, under such circumstances, requires the plaintiff to keep a tender good by deposit in court in order to save his costs.

With the concurrence of all the judges, the judgment is affirmed.