BANK OF WARREN COUNTY v. G. S. KEMBLE, Appellant, and C. D. HARPER, Respondent.

St. Louis Court of Appeals, February 12, 1895.

1. **Practice, Appellate**: PRESERVATION OF EXCEPTIONS. The reception of evidence will not be reviewed in this court, if it has not been made the subject of complaint in the motion for new trial.

2. **Principal and Surety**: ASSIGNMENT TO LATTER OF JUDGMENT AGAINST BOTH: EXECUTIONS. A surety to whom a judgment against his principal and himself has been assigned may, in equity, enforce it with all its liens against the property of his codefendant on the principle of subrogation. But, at law, such assignment operates as an extinguishment of the judgment; hence, after it has been made, execution can not be issued for the enforcement of the judgment.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED (*with directions*).

*Emil Rosenberger* for appellant.

Payment by one of several defendants extinguishes the judgment, whatever may be the intention of the parties to the transaction. It is not in their

power to keep the judgment on foot for the benefit of the party paying. *Hull v. Sherwood*, 59 Mo. 172, and authorities cited. It was legally impossible for Harper to be the assignee of a judgment in which he was a defendant. *Hammett v. Wyman*, 9 Mass. 138; *Brackett v. Winslow*, 9 Mass. 154; *Harbeck v. Vanderbilt*, 20 N. Y. 395; *Hull v. Sherwood*, 59 Mo. 172. It is immaterial whether Kemble was the principal or not; the doctrine is not changed.

*G. Pitman Smith* for respondent.

BOND, J.—The Bank of Warren County in July, 1891, obtained a judgment against G. S. Kemble and C. D. Harper, jointly, for $875.65. On the ninth of September, 1891, this judgment was assigned for value to Emil Rosenberger, who, on the twenty-first of March, 1894, assigned it to Charles D. Harper upon receiving the full amount thereof from him. This last assignment was made in pursuance of a decree of the circuit court of Montgomery county, rendered in the case of *C. D. Harper v. Rosenberger*, wherein it was adjudged that said Harper, though a joint defendant with G. S. Kemble in said judgment, was the surety of the latter and entitled as such to receive an assignment of said judgment upon payment of the amount due thereon to the assignee thereof, Emil Rosenberger. After such assignment to him said Harper sued out a *fi. fa.* on said judgment, which was indorsed to his use, and thereunder the sheriff was directed to collect for the "use of C. D. Harper" the debt, interest and cost due upon said judgment out of the property of the said G. S. Kemble. This execution was levied upon the lands of said Kemble, who at the return thereof moved to quash the same, and the levy made thereon, on the ground that the debt due on the judgment had been

fully paid before the issuance of said execution. This motion was denied by the circuit judge, who gave judgment accordingly, from which G. S. Kemble, the mover, appeals to this court.

The first error assigned is that the circuit judge, on the trial of the motion to quash, permitted respondent to introduce in evidence, over appellant's objection, the original papers in the case of *G. D. Harper v. Emil Rosenberger*, to which suit appellant was not a party. Although the action of the court in admitting this evidence over the objection of appellant was excepted to at the time, yet appellant failed to complain of this misreception in any of the grounds contained in his motion for a new trial. The point is not, therefore, before us for review. *Railroad v. Clark*, 68 Mo. 371; *Hill v. Alexander*, 77 Mo. 303; *Simpson v. Schulte*, 21 Mo. App. 642.

The controlling question in this case, however, is the propriety of the action of the court in overruling appellant's motion to quash the execution and levy thereunder. In the eye of a court of law, the assignment of a judgment to a judgment debtor operates as an extinguishment of the judgment; hence no execution can thereafter be taken out for its enforcement.

In the purview of equity, however, such an assignment, if made to a judgment debtor who stands in the relation of surety to a codefendant in the judgment, entitles the assignee upon principles of substitution or subrogation to enforce such a judgment, with all of its liens, against the property of his principal by a petition in equity. This distinction, though pointed out in the opinion of this court when the case of *Harper v. Rosenberger*, 56 Mo. App. 388, was before it, seems to have been misconceived by the learned counsel for respondent in the present case, although the authorities upon which it rests were fully cited in that opinion. *Hull v. Sherwood,*

59 Mo. 172; *Furnold v. The Bank*, 44 Mo. 336; *Allison v. Sutherlin*, 50 Mo. 274; *Ferguson's Adm'r v. Carson's Adm'r*, 86 Mo. 673. According to these authorities the circuit judge erred in not sustaining the motion made by appellant to quash the execution and levy thereunder made by appellant in this case. The judgment herein will, therefore, be reversed, and the cause remanded with directions to sustain such motion. It is so ordered. All concur.