MARTIN ELSENRATH, Appellant, v. A. H. KALLMEYER, Administrator of the Estate of FERDINAND METZLER, Deceased, Respondent.

St. Louis Court of Appeals, March 12, 1895.

By BOND, J.

1. **Practice, Appellate:** REVIEW OF MATTERS OF EXCEPTION. Appellate courts will not review matters of exception, to which the attention of the trial court was not directed by motion for new trial; complaint thereof by motion in arrest of judgment will not suffice.

2. **Evidence:** WRITINGS AVAILABLE FOR COMPARISON OF HANDWRITING. The affidavit filed by a claimant in the probate court in support of a demand presented for allowance against the estate of a decedent is to

be considered a paper in the cause. Accordingly, if an appeal is taken in the proceeding to the circuit court, a comparison may be instituted, on the trial in that court, between the signature to such affidavit and that to another document whose genuineness is in issue.

*Appeal from the Warren Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Ball & Ball* for appellant.

*T. J. Powell* and *Robert Shackelford* for respondent.

BOND, J.—Plaintiff filed in the probate court of Montgomery county a statement of demand against defendant as administrator of F. Metzler, senior, deceased, based on a promissory note for $250. Said demand was verified by the affidavit of plaintiff, signed and sworn to before a notary public on the twenty-eighth of April, 1892. Notice was served upon defendant that said demand would be presented for allowance on the first day of the June term of said court. On the calling of the cause at said term, defendant filed an affidavit for continuance, which was overruled, whereupon defendant refused to appear further and plaintiff called a jury, who gave him a verdict. The court allowed the demand for the amount found by the jury, and placed it for payment in the fifth class. Within four months thereafter the defendant filed his affidavit to vacate said order of allowance, which was sustained, and the cause *"on the agreement of the parties* thereto" was set for retrial on the first of September, 1892. On a trial then had, plaintiff again recovered judgment for the amount of his demand, from which defendant appealed to the circuit court. The parties went to trial in the circuit court, and the jury disagreed. A change of venue was then taken to the circuit court of Warren

county, in which latter court plaintiff filed a motion to dismiss the appeal taken by defendant from the probate court, on the ground that personal notice of the presentation of the demand for allowance in the probate court was given to defendant, wherefore, after allowance, defendant was not entitled under section 213, Revised Statutes, 1889, to an order vacating the same. This motion was overruled, to which ruling a bill of exceptions was taken. On the subsequent trial of the cause a verdict and judgment was rendered for the defendant, from which plaintiff appealed to this court.

The only issue in this case was as to the execution of the note for which the demand was made. As there was substantial evidence tending to prove the nonexecution of the note by the respondent's decedent, the judgment in favor of the administrator must be affirmed, unless legal error has intervened on the trial. Appellant assigns as error, first, that section 213, Revised Statutes, 1889, whereunder the probate court set aside its first allowance of the demand in suit, did not warant such order. The theory of the appellant is that an examination of the prior enactments, from which the section in question was derived, demonstrates that it forms a part of the two preceding sections (Revised Statutes, 1889, sections 211, 212), wherein provision is made for the appointment by an absent administrator of a representative to accept service, and that the section under consideration is only applicable to such cases. But this point can not be adjudicated under the present record, because there is no complaint, in the motion for new trial, of the action of the trial court in overruling the motion to dismiss the appeal. The law is well settled that all motions can only be made part of the record by bill of exceptions—as was done in reference to the present motion in this case. *United States v. Gamble*, 10 Mo.

459; *Corby v. Tracy*, 62 Mo. 511; *Jefferson City v. Opel*, 67 Mo. 394; *Monroe Bank v. Finks*, 40 Mo. App. 367. It is equally clear that appellate courts can not. review matters of exception, to which the attention of the trial court was not directed in the motion for new trial. *Bank of Warren County v. Kemble*, 61 Mo. App. 215. The failure of appellant to embrace in his motion for new trial any objection to the ruling of the trial court on the motion to dismiss is not helped by the fact that such ruling is complained of in the motion in arrest of judgment. The motion in arrest of judgment only goes to errors in the record proper; it does not reach any matter of exception. *White, Ex'r, v. Caldwell*, 17 Mo. App. 691. These considerations are conclusive against appellant's first assignment of error, aside from the fact that this record shows he did not object to the ruling of the probate court in vacating the allowance, but consented to a retrial in such court, and afterwards engaged in a trial, without objection, in the circuit court of Montgomery county.

The remaining point urged by appellant is that the court erred in permitting two witnesses as to hand-writing, and the jury, to compare the signature of the note with that of appellant to the affidavit attached to the demand exhibited for allowance. The paper purporting to be the original demand and affidavit thereto signed by appellant was shown to have been withdrawn from the files in the circuit court of Montgomery county, whence the present case had been transferred to the circuit court of Warren county. It was a *fac simile* of the certified copy of the demand and affidavit thereto on which the present suit was tried in Warren county, except the attestation of the clerk to the latter, showing it to be a copy. The signature of appellant to the paper in question was attested as genuine by the

notarial seal of one of his attorneys. It is not conceivable that this attorney would have permitted the genuineness of his attestation to the signature of appellant to pass unquestioned—as he did—unless it was indisputable. As the authenticity of the paper was undisputed, as it was in legal effect the statement of appellant's case, corresponding to a petition, it was not improper for the expert witnesses or the jury to compare the signature of appellant to the affidavit with the one affixed to the note for which the demand was made. *Lachance v. Loeblein*, 15 Mo. App. 460; *Rose v. First National Bank of Springfield*, 91 Mo. 399; *State v. Clinton*, 67 Mo. 380. This disposes of appellant's second assignment of error.

Finding no reversible error in the record, the judgment herein will be affirmed. All concur, Judges ROMBAUER and BIGGS in the result.