### ADAM JOHNSON, Assignee, Respondent, v. J. A. SHERRODD, Appellant.

Springfield Court of Appeals, February 7, 1910.

1. JUDGMENTS: Assignee Cannot Collect by Execution From His Co-Debtors. One of several joint debtors against whom judgment has been obtained cannot, upon payment of the debt, take an assignment of the judgment and collect the same by execution from his co-debtors.

2. ————: Adjustment of Rights Between Co-Debtors: Statutory and Equity Proceedings: Executions. Where judgment has been obtained against several joint debtors and one

of them pays the debt and takes an assignment of the judgment, any equities between the judgment debtors should be adjusted in an appropriate proceeding; or, if the party who paid the judgment was surety only, he might proceed under the statute, by motion for judgment against the principal or co-surety, but he cannot collect what may be due him by having execution issued for his benefit under the assigned judgment. Such an execution should be quashed on motion.

Appeal from Taney Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED.

*Price & Ford* for appellants.

(1) Where it appears from the evidence that the judgment was paid by one of the defendants therein, it becomes extinct, and an execution issued thereon was wholly unauthorized, and should have been quashed. McDaniel v. Lee, 37 Mo. 204; Hull v. Sherwood, 59 Mo. 172; Burton v. Rutherford, 49 Mo. 255; Johnson to use v. Grove, 60 Mo. App. 170. (2) The motion ought to have prevailed regardless of the intention with which the assignment of the judgment was procured. Hammatt v. Wyman, 9 Mass. 138; Harbeck v. Vanderbilt, 20 N. Y. 395. (3) The purchase or payment of a judgment by one of the original makers of the note on which the judgment is founded, operates the extinction so as to prevent him from maintaining an action thereon other than for contribution for money to the use of his co-obligors. Curry v. Lafon, 133 Mo. App. 163; Williams v. Gerber, 75 Mo. 18; Reynolds v. Schade, 131 Mo. App. 1; Dillinbeck v. Dygert, 97 N. Y. 303; Stevens v. Hannan, 86 Mich. 305.

*Sharp & McKnight* for respondent.

COX, J.—Judgment was obtained in the circuit court of Christian county, Missouri, in favor of the Bank of Sparta, against I. F. Adams, J. A. Sherrodd,

J. H. Bradley and Adam Johnson, upon a promissory note signed by all of these defendants. Afterwards the debt was paid to the bank by Adam Johnson, and the bank assigned the judgment to him and execution was issued thereon in the name of the bank for the benefit of Johnson. This execution was sent to the sheriff of Taney county, who immediately levied upon certain lands in that county as the property of Sherrodd. Sherrodd filed a motion in the Christian county court to quash this execution and the levy thereunder. By agreement of parties the case was transferred to Taney county, the matter heard there, the court overruled the motion to quash, and defendant has appealed.

This record presents but one question for our determination, and that is whether one of several joint debtors, against whom judgment has been obtained, can pay off the debt, take an assignment of the judgment, and collect the same from his co-debtors by execution. That this cannot be done, where the debt is a joint one, has been unformly held by the courts of this country. [68 L. R. A. 515 (note).]

And it has been expressly held by the Supreme Court in this State that in such a case, the execution should be quashed upon motion of a co-debtor. [Hull v. Sherwood, 59 Mo. 172.]

It follows that the motion to quash in this case should have been sustained. If there are equities between the judgment debtors to be adjusted, this should be done in an appropriate proceeding in equity, or if the party who paid the judgment was surety only, he might proceed, under the statute, by motion for judgment against the principal or a co-surety, but he cannot collect what may be due him in the manner attempted in this case. The judgment will be reversed. All concur.