R. W. WALLACE & SONS MANUFACTURING COM-
PANY, Plaintiff, v. HAGOOD MANUFACTUR-
ING COMPANY, Defendant; SOUTHERN SURE-
TY COMPANY, Appellant, MAYTE H. KELLY,
Respondent.

St. Louis Court of Appeals. Submitted on Briefs October 3, 1916.
Opinion Filed October 24, 1916.

1. EXECUTIONS: Proceeding to Set Aside, Stay or Quash: Character
of Proceeding. A proceeding under Sec. 2244, R. S. 1909, providing
for proceedings to set aside, stay or quash an execution, is not
equitable in its nature, but is purely legal.

2. ———: ———: When Bond Necessary. Sec. 2245, R. S. 1909, re-
quiring a bond for a stay of execution, on motion to quash, applies
only to a motion filed before a judge in vacation, and not to such
a motion filed, heard and disposed of in open court.

3. ———: Payment of Judgment Debt: Effect. A judgment creditor
cannot successfully sue out an execution after receiving payment
of his debt.

4. SUBROGATION: Executions: Rights of Surety on Appeal Bond.
The surety on an appeal bond, who, upon affirmance of a judgment
by the Court of Appeals, paid the judgment, taking an assignment
thereof from the judgment creditor, was not entitled to an execu-
tion against the surety on the bond given by appellant upon appeal-
ing the case from a justice's court to the circuit court, since, in
paying the judgment, the surety was merely discharging its own
obligation, and the judgment creditor, having received payment of
his debt, could not have successfully sued out execution on the
judgment, and, for the same reason, it was beyond his power to au-
thorize any one else to do so in his name.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S.
Rassieur,* Judge.

AFFIRMED.

*A. G. Moseley* and *W. W. Herron* for appellant.

*Jeffries & Corum* for respondent.

(1) The surety on a second appeal bond, who, upon
affirmance of the judgment appealed from, pays the same
to the creditor, is not entitled to be subrogated to the

rights of the creditor against a surety on a prior appeal bond. Stearns on Suretyship, sec. 254, p. 454, sec. 246, p. 432; Shelton on Subrogation (2. Ed.), sec. 131, p. 198; Hanby's Admr. v. Henritzi's Admr., 85 Va. 181; Wronkow v. Oakley, 133 N. Y. 510; .Winston v. Rives, 4 Stew. Port. (Ala.) 269; .Hinkly v. Kreitz, 58 N. Y. 583; Chrisman v. Jones, 34 Ark. 76; Fidelity Co. v. Bohen, 6 L. R. A. (N. S.) 1023; Railroad v. Dicky, 131 Pa. 86. (2) Payment by the Southern Surety Company extinguished the debt and satisfied the judgment. The Surety Company's remedy against its principal was in equity and it could not assert its rights in this summary proceedings at law. It had no right of action of any kind against the respondent, and it had no right to sue out execution on this satisfied judgment. Hull v. Sherwood, 59 Mo. 172; Bank v. Kembell, 61 Mo. App. 215; Williams v. Gerber, 75 Mo. App. 30; Burrus v. Cook, 215 Mo. 513.

REYNOLDS, P. J.—This case, a motion to quash an execution—apparently also involving another execution, in which the same situation was present, the executions different in amount only—was heard on an agreed statement of facts, to the effect that the Wallace Company brought suit in a justice of the peace court against the Hagood Company, and prevailed. The Hagood Company appealed that case to the circuit court, and the respondent here, Mayte H. Kelly, signed the appeal bond. When the case came on for trial in the circuit court, the Hagood Company lost again, and appealed to the St. Louis Court of Appeals. The appellant here, Southern Surety Company, executed that appeal bond. The Court of Appeals affirmed the judgment of the circuit court, but rendered no judgment against the Surety Company, and thereupon the Southern Surety Company paid the Wallace Company the amount of the judgment of the circuit court with interest and costs, and claimed thereby to have acquired the interest of the plaintiff in said judgment (which was against the Hagood Company and respondent) and had the same assigned to it, sued out

execution thereon and levied on respondent's property. The respondent filed a motion in term time to quash this execution, which motion the circuit court sustained. From this the Southern Surety Company has prosecuted this appeal.

By examination of our files it appears that the judgment in the case on appeal to our court referred to, was affirmed for failure to prosecute the appeal, no opinion being handed down.

Learned counsel for appellant argue that the cause should have been heard as in equity and equitable defenses admitted. We are not advised of what these equitable defenses consist, but it is sufficient to say of this claim that a proceeding under section 2244, Revised Statutes 1909, as was this, is purely legal. [Hull v. Sherwood, 59 Mo. 172, and cases following that.]

It is further urged that as preliminary to granting the motion to quash the execution the trial court should have required a bond before staying the execution, and section 2245 is relied upon for this. That section applies only when the motion to quash is filed before the judge in vacation, and does not preclude a motion in open court. [Mellier v. Bartlett, 89 Mo. 134.] The motion here was filed and heard and disposed of in open court and no bond was necessary.

By the agreed statement of facts it is clear that the appellant, Southern Surety Company, had paid off the judgment and held it by assignment. It is determined by our Supreme Court in Hull v. Sherwood, supra, l. c. 174, under practically the same state of facts, that the judgment debtor having received payment of his debt, could not have successfully sued out an execution on the judgment, and that for the same reason it was beyond his power to authorize anyone else to do so under any pretext in his name. To like effect is the decision of our Supreme Court in Burrus v. Cook, 215 Mo. 496, l. c. 513, 114 S. W. 1065, and of our own court in Bank of Warren Co. v. Kemble et al., 61 Mo. App. 215, l. c. 217.

While it is true that no judgment was rendered in our court against the Surety Company, the effect

of the judgment affirming that of the circuit court was to render the Surety Company liable on its bond. It recognized this by paying off that judgment—a thing it was bound to do—and hence had merely discharged its own obligation.

The judgment of the circuit court is affirmed. *Allen, J.,* concurs.