FIRST NATIONAL BANK OF SALEM, A CORPORATION, APPELLANT, v. DOROTHY BARRETT ET AL., RESPONDENTS, J. C. STEPHENS AND J. P. PATTON, ASSIGNEES.—94 S. W. (2d) 928.

Springfield Court of Appeals.    May 20, 1936.

*Wm. P. Elmer* for appellant and assignees.

*E. W. Bennett* for respondents.

SMITH, J.—This is a proceeding to quash an execution. The First National Bank of Salem secured a judgment against the defendant,

Dorothy Barrett and other of her brothers and sisters who were principals, and J. P. Patton and J. C. Stephens who were sureties for them on a note. The two sureties, Patton and Stephens by arrangements with the bank paid the amount of the judgment in full and the bank duly assigned the judgment to the sureties for the purpose and with the intention of keeping the same alive and as a lien against the property of the defendants, and without any intention of satisfying the judgment. Afterwards an execution was issued in the name of the plaintiff and the assignees and money of the defendant Dorothy Barrett was garnished.

Dorothy Barrett filed a motion to quash the execution on the ground that when the sureties, Stephens and Patton, paid the judgment to the bank and took an assignment thereof that such payment discharged the judgment and the assignment could not be taken by them and was of no validity. That the judgment was cancelled by the action of the sureties in paying it and that the bank could not make a legal assignment to such sureties nor keep it alive and that an execution could not be legally issued on the judgment thereafter.

The cause was tried by the court upon an agreed statement of facts. The agreed statement of facts is as follows:

"It is stipulated and agreed that in the above case the First National Bank secured judgment against above named defendants on a note executed by defendants to said bank. That said note was a renewal of a note formerly made by William Barrett as principal and J. C. Stephens and J. P. Patton as sureties and that when renewal note, upon which judgment was rendered, was made, William Barrett was deceased, and the defendants John Barrett, Glenn Barrett, Cora Barrett, Carrie Barrett, Otto Barrett, Dorothy Barrett and Maxine Barrett, signed said note in place of William Barrett, and defendants J. C. Stephens and J. P. Patton signed as sureties.

"That after judgment was rendered, J. C. Stephens and J. P. Patton paid the said judgment to the First National Bank, and took an assignment of the same as sureties and as assignees thereof later had an execution issued, in the name of the First National Bank, against Dorothy Barrett and the personal property of defendant Dorothy Barrett levied on by garnishment against the First National Bank where defendant, Dorothy Barrett, had a small bank account."

The court of its own motion gave the following declaration of law:

"The court declares the law to be that where a judgment on a promissory note is rendered against several makers some of whom are principals and others sureties, then one of the sureties cannot pay the judgment and take an assignment of the judgment to have for the purpose of keeping it alive, and then have an execution issued on such judgment and enforce it against a principal or co-surety, without a proceeding in court subsequent to the original judgment."

An objection was made and exceptions saved as to the giving of

this declaration of law, and on December 6, 1935, the court found the issues for Dorothy Barrett and quashed the execution.

Motion for new trial was filed and overruled, and an appeal was had to this court.

There is but one question before us, and it is stated by the appellants, as follows:

"The sole question presented by this appeal is whether or not sureties who pay a judgment rendered against them and their principals and who take an assignment of the judgment to them can thereafter enforce the judgment, either in the name of the principal or in their own names or their joint names, against the principals without first securing an order of the court subrogating them to their rights as sureties or maintaining a separate action against the principals for the amount they have paid on the judgment."

The complaint against the declaration of law given by the court is not directed to that part of the declaration that says "The sureties cannot pay the judgment and take an assignment of the judgment," but has reference to that part of the declaration which says that the sureties cannot "have an execution issued on such judgment and enforce it against a principal or co-surety, without a proceeding in court subsequent to the original judgment."

It is our conclusion that the court properly declared the law with reference to enforcing the judgment without a proceeding in court for that purpose.

There seems to be no controversy here between the parties as to such a proceeding as in this instance being *a summary proceeding at law*.

From the earliest decisions of the courts of this State down to the latest the holdings have been that such a summary proceeding cannot be enforced at law, and that such an execution may be quashed on motion. [Hull v. Sherwood (Mo. Sup.), 59 Mo. 172; Harper v. Rosenberger, 56 Mo. App. 388; Bank of Warren County v. Kemble, 61 Mo. App. 215; Wallace & Sons Manufacturing Co. v. Hagood Mfg. Co., 196 Mo. App. 40, 42, 189 S. W. 32; Burrus v. Cook, 215 Mo. 496, 513, 114 S. W. 1065; Phelps v. Scott, 325 Mo. 711, 722, and cases there cited; 30 S. W. (2d) 71.]

It is not contended by the parties that this is in any way an equitable proceeding, or that any act on the part of the sureties was done in an effort to give them equitable relief.

By statutory provision the sureties have a very simple remedy, had they seen fit to follow it. We refer to Section 2941, Mo. Stat. Ann., 1929, page 7841, which statute is as follows: "In all cases where judgment is given in any court, whether of record or not, upon any bond, bill or note, for the payment of money or delivery of property, against the principal debtor and any surety therein, and such surety shall pay the judgment or any part thereof, he shall be entitled, upon motion, to a judgment in the same court against the

principal debtor for the amount he has paid, with ten per cent interest thereon from the time of payment, together with costs.''

It is our conclusion that the trial court did not err in giving the declaration of law complained of, and did not err in its judgment. Therefore, the judgment is affirmed.

*Allen, P. J.*, and *Bailey, J.*, concur.